JAMES I. REDDING, Appellant, v. BADGER LUM-
BER COMPANY, Respondent.

**Kansas City Court of Appeals, December 2, 1907 and January
6, 1908.**

1. **EQUITY: Reformation of Contract: Mistake: Evidence.** To
reform a written contract on the ground of mistake the latter
must be mutual and not unilateral and the evidence must be
clear and convincing.

2. ————: ————: ————: ————: **Conflict.** Evidence re-
lating to a mistake in the drafting of a contract is reviewed
and held convincing that the mistake was mutual so as not to
justify an interference with the finding below.

Appeal from Buchanan Circuit Court.—*Hon. Henry M.
Ramey*, Judge.

AFFIRMED.

*Kendall B. Randolph* for appellant.

(1) To reform a written instrument the mistake
must be mutual and not unilateral. 1 Story Eq., sec.
151; Gwin v. Waggoner, 98 Mo. 315; Allen v. Carter, 8
Mo. App. 585. (2) The rule is well settled that the
evidence relied on to prove the mistake must be clear
and convincing. Dowing v. McHugh, 3 Mo. App. 594;
Allen v. Carter, supra; Tesson v. Insurance Co., 40 Mo.
33; Meredith v. Holmes, 105 Mo. App. 343; Plumb v.
Cooper, 121 Mo. 676; Parker v. Vanhoozier, 142 Mo.
621. (3) There is no question of fraud in this case
and no question of accident. (4) The mistake of one
party to a contract will not entitle him to relief, unless
the other party induced him to act under such mistake,
which is not this case. Mathews v. Kansas City, 80 Mo.
231; Cassidy v. Metcalf, 66 Mo. 531; Henderson v. Beas-
ley, 137 Mo. 199; Steinberg v. Insurance Co., 49 Mo.
App. 255; Bartlett v. Brown, 121 Mo. 353; Adkins v.

Tomlinson, 121 Mo. 487; Koontz v. Bank, 51 Mo. 275; Jackson v. Wood, 88 Mo. 78; Forrester v. Scoville et al., 51 Mo. 269; State ex rel. Yeoman v. Hoshaw, 98 Mo. 361.

*Culver & Phillip* for respondent.

(1)    Even though the appellate court may think that the testimony would have warranted a different decree in an equitable suit, some deference is due to the opinion of the trial court before whom the witnesses appeared personally and testified.   Bank v. Murray, 88 Mo. 191; Johnson v. Realty Co., 177 Mo. 581.  (2) And it is only where it clearly appears that the preponderance of the evidence is against the finding of the trial court, that its verdict upon the facts will be disturbed by the appellate court.   Taylor v. Coyce, 97 Mo. 242; Rawlings v. Rawlings, 102 Mo. 563; Bartlett v. Brown, 121 Mo. 353; Barlow v. Elliott, 56 Mo. App. 374; Bank v. Koeln, 60 Mo. App. 79; Roberts v. Lead Co., 95 Mo. App. 581.

BROADDUS, P. J.—The  plaintiff bases his cause of action on the following written agreement:

"St. Joseph, Mo., Nov. 8th, 1905.

"This agreement entered into on this date, witnesseth:   That J. I. Redding and Badger Lumber Co., has entered into the following agreement, to wit:

"In the event of the South St. Joseph Loan Association (M. C. Powell, Agt.) making a loan to Joseph W. Graham of $1,800, and also to Samuel E. Hahn of $1,800, ($3,600) in all, and in case said loans are paid to said Badger Lumber Co. in full, then the said Badger Lumber Co., is to pay to said J. I. Redding the sum of $1,000 (payment in full for lots 5 and 8, Block 1, Redding's Addition).

"This agreement also witnesseth:   That said Badger Lumber Co. has this day advanced to said Redding the sum of $500 as a payment on paving bill against

said lots and others, with the understanding that said $500 shall be considered as a partial payment of the $1,000 heretofore mentioned. Said $500 is accepted by said Redding with the distinct understanding that in case said loans of $3,600 be not paid to Badger Lumber Co., then said Redding is to make a deed to said Badger Lumber Co. to lot 3, Block 1, Redding's Addition not later than February 1, 1906, said $500 being the payment in full for said lot.

"J. I. REDDING,

"BADGER LUMBER CO.,

By J. L. POPE, Mgr."

The petition alleges that the defendant is indebted to the plaintiff in the sum of $500 as provided by said instrument which the defendant has failed and refused to pay.

The defendant admits the execution of the writing sued on but sets up as a defense that it did not express the true contract as entered into between the parties. In order to understand the issue in the case it will be necessary to state a few of the general facts. On and prior to the 8th of November, 1905, the plaintiff was the owner of several lots in Block one (1) Redding's Addition to the city of St. Joseph. On said date he was negotiating to sell two of these lots, one to a man by the name of Graham and one to a man by the name of Hahn, who were desirous of erecting buildings on said lots but did not have the money for that purpose. The South St. Joseph Loan Association was willing to loan sufficient money to build the respective houses but would not do so unless certain loans on the lots for taxes and improvements were first discharged. The defendant agreed to discharge said indebtedness as will be seen by the contract aforesaid.

The evidence shows that the estimated cost of each of said buildings was $1,300 which made a total cost of $2,600 for that purpose. The loan association

required a bond from the contractors for the performance of the work and that all liens for labor and material should be paid. The defendant became such security. In addition to the $2,600 the loan association loaned said Graham and Hahn $1,000, that is to say $1,800 to each which made a total loan of $3,600. This money was not to go into hands of said Graham and Hahn but into hands of defendant. The defendant contends that the actual agreement entered into between the parties was that if the loan association made a loan of $1,800 to Graham and a loan of the same amount to Hahn, and if the full loan was paid to defendants it would pay out of said sum the cost of erecting two buildings on lots 5, and 8 in Block one (1) of said addition, estimated to cost $1,300 each and would pay the remaining $1,000 to plaintiff in payment of said lot provided that if the cost of said buildings exceeded $2,600 then it should pay to plaintiff for said lots only the difference between $3,600 and the amount paid for the erection of the buildings. But the defendant contends that by mutual mistake the contract was written as it appears on its face as set forth hereinbefore. The plaintiff contends that there was no such mistake, and that the written contract expressed the true intention of the parties. The court upon hearing of the case reformed the contract as prayed for by defendant and further found that the defendant had payed out including $500 advanced to plaintiff, to remove the said lien for taxes on the lots and for work and material used in construction of said building more than said sum of $3,600 and rendered judgment for defendant. The plaintiff contends that there was no mistake on his part, that as far as he was concerned the writing expressed his intention and that such being the case the court was not authorized to decree a reformation of the contract.

It is the settled law that to reform a written instrument the mistake must be mutual and not unilateral

and such is conceded to be the law by the defendant. [1 Story, Eq., section 151; Gwin v. Waggoner, 98 Mo. 315; Allen v. Carter 8 Mo. App. 585.] And the rule is also well settled to prove a mistake in such cases, the evidence must be clear and convincing. [Meredith v. Holmes, 105 Mo. App. 343; Sweet v. Owens, 109 Mo. 1.]

There are exceptions to the rule that a court will not correct unilateral mistake in a written contract and that is where one party to a contract has by some fraud induced the other party to make the mistake, but as there was no evidence of fraud the question is not presented in this case. The only question then, was the mistake mutual.

The contract in question was written by Mr. Pope the defendant's manager. He testified that there was a mistake, that the agreement was that the plaintiff was to have out of said sum of $3,600 after the payment of said $500 which had been advanced by defendant and the cost of work and material, what was left over. In this he is supported by witnesses, Sidney L. Stout, Alfred Guy, A. H. Walmsley and A. E. Thornton. Witness Stout was present and heard the agreement made. Other witnesses testified that the plaintiff told them that he was to have what was left over of the $3,600 after paying said $500, cost of doing work and the material. And it was also further shown that the sum mentioned of $1,300 for the erection of each of said buildings was not a fixed sum but an estimated cost for such erection.

The defendant is almost unsupported in his evidence that there was no mistake made in the writing of the contract. It seems to us that the defendant's theory of the case was supported by a great preponderance of the evidence and it was rather convincing that a mutual mistake had been made. Besides the investigation of the record will show that plaintiff's answers to certain questions put to him on cross examination were not as

full and frank as they should have been but instead he
somewhat equivocated and did not directly answer many
questions put to him, which he could and should have
done without hesitation.   The court had all the witness-
es before it and had the opportunity of judging from
their manner while testifying the degree of credibility
to which they were entitled and for that reason in a
much better condition to pass  upon  the  merits of the
case than we are.   In view of the overwhelming pre-
ponderance of the evidence in favor of the defendant
which we must assume came from creditable witnesses
we do not feel we would be justified in interfering with
the judgment of the court.   Affirmed.   All concur.