ROBERT MITCHELL, APPELLEE, V. ISAAC G. GRIFFITH· ET AL.,
APPELLANTS.

FILED JUNE 10, 1910.   No. 16,087.

Deeds: REFORMATION: MUTUAL MISTAKE.  A deed may be reformed to
    include omitted lands purchased by grantee, where it is shown
    by clear and convincing evidence that the omission resulted from
    a mutual mistake, and that the deed, when thus reformed, will
    express the intention of the parties at the time it was executed.

APPEAL from the district court from Dawes county:
WILLIAM H. WESTOVER, JUDGE.  *Affirmed.*

*Justin E. Porter,* for appellants.

*Albert W. Crites, contra.*

ROSE, J.

By deed dated April 24, 1901, Isaac G. Griffith and
wife, defendants, conveyed to Robert Mitchell, plaintiff,
1,240 acres of land in Dawes county.  This is a suit by
plaintiff to reform the deed by including in the convey-
ance an additional quarter-section owned at the time by
defendants, situated half a mile from the main tract, and
described in the record as the "Godfrey land."  The dis-
trict court granted the relief sought by plaintiff, and de-
fendants have appealed.

The deed was reformed on account of a mutual mis-
take in omitting the Godfrey land.  The controlling ques-
tion presented is the sufficiency of the evidence to justify
the decree.  Some time before the deed was executed
Griffith herded sheep for plaintiff in Wyoming, bought a
large number of ewes from his employer on credit, and
brought them to Dawes county.  He testified he bought
the lands to provide pasturage for sheep.  At one time
he took plaintiff's sheep on the shares.  At another time
he and plaintiff were partners in the sheep business.  His
ventures proved to be disastrous.  As a result he owed
plaintiff over $2,000, and wanted to sell him the ranch to

square accounts. The deed in controversy was drawn in the office of Reynolds & Slattery at Chadron. Reynolds testified that Griffith came to the office and said he had sold the ranch to plaintiff, and that he gave descriptions of the different quarter-sections and pieces of land, saying they contained all the land he had. Slattery testified he drew the deed which was finally executed; that the Godfrey land was included in the transaction and was purchased with the other tracts; that Griffith told him to prepare a deed conveying to plaintiff all the land he had; that in the fall of 1907, when notified of the mistake, he promised to give plaintiff a quitclaim deed for the purpose of correcting it. A ranch hand testified that after the deed was executed he helped to dig a well on the Godfrey land, when in plaintiff's employ, and was assisted by Griffith who said he had sold out "and didn't have any more land than a jack rabbit, or something of that kind." Plaintiff testified that the Godfrey land was included in the purchase; that the purchase price was paid; that none of defendant's land was reserved; that during the negotiations, or afterward, Griffith turned over to him a number of deeds and other papers relating to the lands purchased, and that among them there was a deed to the Godfrey land, in which Griffith was grantee; that he never learned of the omission until told of it by an abstracter who was employed in 1907 to make an abstract of title.

Defendants testified that the lands sold were in a contiguous body, and did not include the Godfrey land which was half a mile from the other tracts; that they did not sell it; that one quarter-section described in the deed was the family homestead of defendants, and in lieu thereof the Godfrey land was reserved; that it was not included in the transaction; that it was properly omitted from the deed, and that Mrs. Griffith would not join in a conveyance with the Godfrey land included. Plaintiff's testimony of a different import was contradicted by defendants. They were unable, however, to refute proof of the following facts: Defendants left the neighborhood after

the sale and never again had possession of the Godfrey land. They never afterward made any improvements on it, and never paid the taxes or received any income from it. Plaintiff redeemed the Godfrey land from a tax sale, and thereafter paid the taxes on it and used it the same as the other tracts. On the record presented, the proof of the mutual mistake is clear and convincing, and the evidence shows that the deed as reformed expresses the intention of the parties at the time it was executed. The finding here is the same as that of the trial court.

Some complaint is made of errors in admitting evidence, but the case was tried to the court without a jury, and the conclusion announced is based wholly on evidence properly admitted. It is therefore unnecessary to consider assigned errors in the rulings on evidence.

AFFIRMED.