## J. I. CASE THRESHING MACHINE CO. v. OATES, *Sheriff.*

### No. 421.    Opinion Filed November 16, 1910.

1a.    **TAXATION—Lien on Personalty Sold.** Under the laws in force in the territory of Oklahoma (section 5920, Wilson's Rev. & Ann. St. 1903), if any person in said territory. after his personal property was assessed and before the tax thereon was paid, should sell all of the same to any party and not retain sufficient to pay the tax thereon, the tax for that year was a lien on such property.

1b.    .SAME—**Personalty Purchased by Mortgagee.** Although the party to whom such personalty was sold had a mortgage lien thereon, yet if he did not acquire title thereto by virtue of a foreclosure of said lien, but by a voluntary sale made by the mortgagor to the mortgagee in satisfaction of said mortgaged indebtedness, under section 5920, **supra,** a tax lien was fastened on said property for the unpaid tax for such year.

(Syllabus by the Court.)

*Error from District Court, Woods County; John L. Pancoast,*
*Judge.*

Action by the J. I. Case Threshing Machine Company against D. C. Oates, sheriff. Judgment for defendant, and plaintiff brings error. Affirmed.

*Robberts & Curran,* for plaintiff in error. :

*Claude McCrory* and *W. M. Bickle,* for defendant in error.

WILLIAMS, J. In May, 1904, and prior thereto, the plaintiff in error held a chattel mortgage on certain chattels given by the mortgagor for the purchase price of part of said chattels, said mortgage covering other property of the mortgagor. During said month the mortgagor delivered the property covered by the mortgage to plaintiff in error in settlement of the indebtedness secured by said mortgage. In June, 1904, two tax warrants were issued against mortgagor, one being for the last half of the personal tax of 1903, in the sum of $14.18, and the other for the personal tax against mortgagor for 1904, in the sum of $20.83. Said tax warrants were delivered to the sheriff, who in June, 1904, levied said

warrants and took possession of said property and was about to advertise and sell the same when the plaintiff in error commenced its action in replevin to recover said property. As to whether the mortgagor had other property than that in controversy at the time he delivered it to the mortgagee, that was a controverted fact on the trial, and, under the general verdict, such fact was found in favor of the defendant in error. Section 5920, Wilson's Rev. & Ann. St. 1903, provides:

"If any person in this territory, after his personal property is assessed and before the tax thereon is paid, shall sell all of the same to any one person, and not retain sufficient to pay the taxes thereon, the tax for that year shall be a lien thereon, or if such property is about to be sold at auction, or about to be sold at cost, then in either of such events the tax thereon shall at once become due and payable, and the county treasurer shall at once issue a tax warrant for the collection thereof, and the sheriff shall forthwith collect it as in other cases. The one owing such tax shall be civilly liable to any purchaser of such property for any tax he owes thereon, but the property so purchased shall be liable in the hands of the purchasers for such tax: Provided, however, if the property be sold in the ordinary course of retail trade, it shall not be so liable in the hands of the purchasers."

The trial was had in the lower court without the intervention of a jury, resulting in a general finding in favor of the defendant in error. It has been time and again held by this court that where the evidence was oral and conflicting and the finding by the court is general, such a finding is a finding of every special thing necessary to sustain the general finding, and that such finding is conclusive upon the appellate court upon all doubtful and disputed questions of fact, and that such finding, made by a court without the intervention of a jury, has the same force and effect as such finding by a jury. *McCann v. McCann et al.,* 24 Okla. 264, 103 Pac. 694; *Seward v. Casler et al.,* 24 Okla. 275, 103 Pac. 740.

Under the laws in force in said jurisdiction, the title to mortgaged personalty remained in the mortgagor, the mortgagee thereby having a lien thereon. The plaintiff in error acquired title to

said property by virtue of a voluntary sale, and not by any foreclosure of said mortgage lien.

The language of section 5920, *supra,* is that if any person, after his personal property is assessed and before the tax thereon is paid, shall sell all of the same to any person·and not retain sufficient to pay the taxes thereon, the taxes for that year shall be a lien thereon. Under the general finding of the lower court, there appears to be no reversible error in the record, and the judgment of the lower court is affirmed.

All the Justices concur.