MARTIN *v*. HEMPSTEAD COUNTY LEVEE DISTRICT No. 1.

Opinion delivered February 20, 1911.

1. TRIAL—TRANSFER OF CAUSE.—Where, in an action for the balance due under a contract for work, defendant asked for a reformation of the contract to conform to the agreement of the parties, the action was properly transferred to equity. (Page 27.)

2. EQUITY—JURISDICTION—REFORMATION OF INSTRUMENT.—Equity has jurisdiction to reform an instrument alleged to have been fraudulently altered. (Page 28.)

3. REFORMATION OF INSTRUMENT—WHEN RELIEF GRANTED.—The mere negligence or omission to read or know the contents of a writing is not necessarily a bar to reformation; the relief being proper when the instrument fails to conform to the agreement between the parties, through mutual mistake or mistake coupled with fraud, however the mistake may have been induced. (Page 28.)

4. SAME—LACHES.—Lapse of time will not bar an action to reform an instrument on account of fraud or mistake until discovery of the fraud or mistake or until it ought to have been discovered. (Page 28.)

5. SAME—SUFFICIENCY OF EVIDENCE.—To justify or authorize the reformation of a written instrument on account of mistake, the proof must be clear, unequivocal and decisive. (Page 28.)

Appeal from Hempstead Chancery Court; *James D. Shaver,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellant instituted this action in the circuit court to recover the sum of $1,864.86 on an alleged balance due and unpaid under a contract for the construction of a levee along Red River in Hempstead County, and for the sum of $1,000 alleged to be due on account of appellee's failure to perform its part of said contract. A copy of the contract, plans and specifications is exhibited with the complaint.

The appellee filed an answer and cross complaint, in which it asked that the cause be transferred to the chancery court. Appellee alleges that the contract for the construction of the levee was

made by the members of the levee board with P. J. Martin acting for appellant; that the plans, specifications and contract, with the changes indicated by interlineations as agreed upon, were turned over to Etter & Monroe, attorneys, to be rewritten; that after the contract, plans and specifications were rewritten, and before the same were signed, a copy was turned over to P. J. Martin to be submitted by him to persons at Lewisville, Ark., who contemplated signing appellant's bond for the faithful performance of the contract; that thereafter P. J. Martin returned to the office of the Levee Board at Fulton, Ark., a copy of the plans, specifications and contract, which he represented at the time to be the copy borrowed of the officers of the levee board, but which in fact was a copy rewritten, altered and changed for appellant's benefit and profit, and among other changes appellee alleges the following material changes, towit:

The contract as agreed upon read in paragraph 29 of the plans and specifications read:

"When the embankment has been brought up to the proper height, it shall be dressed and planted with tufts of living bermuda grass four inches square *three feet apart*, well pressed into the earth and lightly covered with soil."

The contract as changed and rewritten by the said P. J. Martin, acting for the said W. Martin, reads:

"When the embankment has been brought up to the proper height, it shall be dressed and planted with tufts of living bermuda grass four inches square, well pressed into the earth and lightly covered with soil."

Appellee alleges that section 49 of the contract as agreed upon by the said parties, read:

"It is understood that no compensation will be allowed for refilling the muck ditch, stump holes or other excavations outside of the slope stakes. Payment will be made at the same price per cubic yard as the levee itself."

The contract and plans and specifications as changed by the said P. J. Martin for the said W. Martin, reads as follows:

"It is to be understood that no compensation will be allowed for refilling the muck ditch, stump holes or other excavations when within the base of the levee. For filling holes and refilling the muck ditch, stump and other excavations outside the slope

stakes, payment will be made at the same price per cubic yard as the levee itself."

Appellee alleges that the said P. J. Martin, acting for the said W. Martin, returned said plans, specifications and contract rewritten, altered and materially changed for the benefit of said W. Martin, to the said appellee, and represented that the same was the contract borrowed for the purpose above stated; there being attached to said contract the bond signed and executed by the bondsmen. The officers of the said board, relying upon the representations of the said P. J. Martin as being true and on account of the length of the document referred to, accepted the said plans, specifications and contract as signed.

Appellee alleges that these changes and alterations were not discovered until the present suit was instituted; and asks for a reformation of same. Appellee's cross complaint alleges a violation of the terms of the contract in certain respects, which will be hereafter more specifically referred to, and asks judgment for damages against appellant on account of her failure to perform the contract according to its terms. A copy of the contract, plans and specifications as appellee allege them to be is made an exhibit to their answer.

The circuit court transferred the case to the chancery court over the objections of appellant, and the chancellor, over the objections of appellant, heard and determined the cause. The chancellor found that the contract, plans and specifications should be reformed in the manner asked in the answer and cross complaint; that the $1,000 alleged in the complaint for negligent delay caused appellant by appellee should be disallowed; that the sum of $835.45 alleged to be due appellant for filling stump holes outside of the slope stakes should be disallowed; that appellant should be only entitled to recover the sum of $1,032.41, on embankment work in the event she completes said levee according to the plans and specifications.

The chancellor further found that appellant has not completed the construction of said levee according to contract, in that she has not constructed the borrow pits at a distance of 25 feet from the base of the levee on the river side, or within 50 feet of the land side, and in the construction of said borrow pits has ex-

ceeded the depth of three feet on the river side, with a slope of one on twenty-five.

The chancellor further found that appellant has not cut 216 standing trees within 40 feet of the base of said levee, and has not properly sodded said levee with tufts of living bermuda grass four inches square and not more than 3 feet apart, and has not filled in the washes which have resulted in the levee from the defective sodding.

The chancellor was, however, of the opinion that appellant should be given further time to complete the levee according to the contract plans and specifications, and four months' time was given her for that purpose, and final judgment was deferred until the expiration thereof.

Appellant did not attempt to do further work upon the levee, and the chancellor found that the damages as proved on the counterclaim of appellee were greater than the amount due appellant under the contract. A decree was accordingly entered, reforming the contract as prayed for by appellee and dismissing the complaint of appellant. Appellant has duly prosecuted an appeal to this court.

*D. L. King,* for appellant.

1. The circuit court erred in transferring the case to chancery. 96 Ark. 371. One who enters into a contract and receives the benefit thereof cannot afterwards object that he was not authorized to enter into such contract. 89 Ark. 96.

2. One will not be heard to deny the existence of a state of facts which he, either in express terms or by contract represented as existing, which he intended that the other should act upon, and which was acted upon by the other party in good faith, to his detriment. 64 Ark. 639; 81 Ark. 81. And where one party to a contract suffers the other to fully perform his part of it, and receives such benefit as would accrue to it under the contract, it will be estopped to assert that its agent exceeded his powers in making the contract. 86 Ark. 287; 67 Ark. 238; 24 Ark. 210; *Id.* 269; 6 L. R. A. (Mass.) 342; 48 L. R. A. 685; 1 L. R. A. 826.

*William H. Arnold* and *Will Steel,* for appellee.

1. Where affirmative relief is sought on the ground of fraud

or mistake in the execution of a contract, such contract may be reformed in a court of equity.   76 Ark. 182; 77 Ark. 41; 89 Ark. 259; 85 Ark. 25; 79 Ark. 592; 76 Ark. 43; 69 Ark. 406; 71 Ark. 614; 66 Ark. 155; 75 Ark. 240; *Id.* 382; 32 Ark. 346; *Id.* 399; 50 Ark. 179; 33 Ark. 119; 60 Ark. 304.   The long and complicated account exhibited with the complaint, the correctness of which was denied in the answer, was itself sufficient cause for transferring the case to equity.   82 Ark. 550; 31 Ark. 345; 51 Ark. 201; 48 Ark. 434; 49 Ark. 576.

2.   It is conceded that the proof must be clear, unequivocal and decisive in order to justify the reformation of a contract, but the evidence here is of that character, and the court properly decreed a reformation in conformity to the copy of the contract exhibited with the answer.   The chancery court, having obtained jurisdiction of a cause for one purpose, will retain it for the purpose of doing complete justice between the parties and effect an adjustment and settlement of all matters in controversy growing out of the subject-matter of the action.   83 Ark. 554; 77 Ark. 570; 92 Ark. 16; 48 Ark. 312; 46 Ark. 96; 34 Ark. 410; 30 Ark. 89.

HART, J., (after stating the facts).   Counsel for appellant first earnestly insist that the court erred in transferring the cause to equity over her objections.   To sustain their contention, counsel cite the case of *Stewart* v. *Fleming,* 96 Ark. 371, where this court held: "In a suit upon a contract an answer alleging that the contract was procured by fraud sets up a defense available at law, and there was no error in refusing to transfer the case to equity."   We do not think the case in point.   There the plaintiff sought to recover a sum of money alleged to be due under a certain provision of a lease.   The defendant did not assert any affirmative rights under the lease, but only defended the suit brought on the ground the provision of the lease, which was the foundation of the action, had been inserted without his knowledge by reason of certain false and fraudulent representations of the plaintiff.   Here the appellee asks that the contract be made to conform to the agreement entered into according to the intention of the parties, and when so reformed appellee alleges that it is entitled to damages because appellant failed to perform the contract according to its terms; that is to say, appellee first asks that

its rights under the contract be established, and, second, that its rights as established be enforced affirmatively against appellant. The first is granted as preliminary to the final relief; and in such cases equity has exclusive jurisdiction. 1 Pomeroy's Equity Jurisprudence (3 ed.), 171.

"The mere negligence or omission to read or know the contents of a writing is not necessarily a bar to reformation. The relief is proper when the instrument fails to conform to the agreement between the parties, through mutual mistake or mistake coupled with fraud, however the mistake may have been induced. The doctrine of laches is applicable to these suits, and in some jurisdictions the statute of limitations is expressly made applicable. The rule is here, as in all cases of fraud and mistake, that the time does not begin to run until discovery of the mistake or until it ought to have been discovered." 6 Pomeroy's Equity Jurisprudence (3 ed.), § 680.

It must also be borne in mind that to justify or authorize the reformation of the written instrument in such cases the proof must be clear, unequivocal and decisive. *Mitchell Mfg. Co.* v. *Kempner,* 84 Ark. 349; *Turner* v. *Todd,* 85 Ark. 63, where our earlier cases on the subject are collected.

We now come to the application of these principles of law to the facts of this case. We do not deem it necessary to abstract the testimony at length. It is sufficient to say that all the members of the levee board, and its attorneys, who rewrote the contract, plans and specifications after they had been finally agreed upon, testify that the contract as reformed by the court is the contract that was made between the parties; that the contract plans and specifications as rewritten before the same were signed were borrowed by P. J. Martin, the husband and agent of appel·lant's bondsmen; that he returned with what purported to be the copy furnished him, and that, relying upon his representations, they signed same. They did not discover that P. J. Martin had changed same until this suit was commenced. They are corroborated by the chief engineer of the board, who was present when the draft of the contract, plans and specifications were agreed upon. He says that he directed and supervised the construction of the levee under a copy of the contract, plans and specifications identical with that exhibited with the answer and cross complaint,

and never knew of the changes therein until this suit was brought; that P. J. Martin, who acted for appellant at all times, never made any claim during the construction of the levee that the contract was otherwise than as claimed by appellee.

Two or three copies of the contract, plans and specifications were made by Etter & Monroe. Etter testifies that the one exhibited with the answer, type, paper, etc., has every appearance of being the one rewritten by him; that he does not remember of having used any paper like that exhibited with the complaint as the copy of the contract, plans and specifications. Opposed to this is the testimony of P. J. Martin alone.

We are of the opinion that it is clearly and unequivocally established by the evidence that the contract, plans and specifications for constructing the levee were the same as that contained in the copy exhibited with the answer and cross complaint, and that the changes were not discovered by appellee until this suit was brought.

The chancellor found that, by reason of the failure of appellant to construct said levee according to contract, plans and specifications, appellee has been damaged as alleged in its counterclaim in a greater sum than the balance due appellant. We do not deem it necessary to make a detailed abstract in regard to this. We deem it sufficient to say that we have carefully considered the evidence, and believe that it sustains the finding of the chancellor.

We have carefully considered the record, and think the differences between the parties arose on account of the difference in the language used in the copy of the contract, plans and specifications exhibited with the complaint and in the copy exhibited with the answer and cross complaint, and we find that the copy of the contract, plans and specifications for the construction of the levee, exhibited with the answer and cross complaint, contains the agreement entered into between the parties to this suit.

The chancellor was right in not allowing the $1,000 claimed by appellant for appellee's alleged failure to comply with the contract. There is no proof that appellant was delayed in her work and damaged thereby. Indeed, appellant has abandoned that feature of the case.

The decree will be affirmed.