## DAVIS v. SMITH *et al.*

No. 797.   Opinion Filed May 9, 1911.

(115 Pac. 1017.)

**APPEAL AND ERROR—Review—Sufficiency of Evidence.**   Where a cause is submitted to the court without a jury, a general finding of the court is equivalent to a general verdict; and where the evidence is conflicting upon material issues involved, or there was evidence reasonably tending to establish the allegations of the prevailing party, the finding of the trial court will not be disturbed on appeal to this court.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; A. H. Huston, Judge.*

Action by E. A. Davis against J. A. Smith and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Nagle & Blair,* for plaintiff in error.
*M. W. Hinch,* for defendants in error.

HAYES, J.   Plaintiff in error, plaintiff below, brought this action in ejectment in the district court of Kingfisher county

against defendants in error, defendants below, for the recovery of lots Nos. 20, 21, and 22, in block 91, in the city of Kingfisher. The petition contains the usual allegations of a petition stating a cause of action in ejectment. Defendants' answer consists of a general denial. Upon the issues thus joined, the trial was to the court without a jury, and judgment was rendered for defendants in error.

The only assignment of error urged for reversal of the cause is that the finding and judgment of the trial court is contrary to the evidence. Both parties claim to have deraigned their title from one John M. Roatcap. There appears in the record a copy of a deed, dated January 21, 1897, signed by John M. Roatcap, and his wife, Mary R. Roatcap, conveying the lots in controversy to Emma L. Bivin, who is the wife of T. O. Bivin. This deed purports to have been acknowledged by Mary R. Roatcap on the 21st day of January, 1897, before J. F. Wheeler, a notary public in and for Kingfisher county, territory of Oklahoma, and by John M. Roatcap, on the 3d day of February, 1897, before E. T. Lewis, a notary public in and for the county of Dallas, state of Texas. The original deed had been lost or destroyed, and was not introduced in evidence. The copy of the deed in the record is taken from the records of the register of deeds of Kingfisher county. It is the contention of plaintiff in error that, when this deed was executed by John M. Roatcap and Mary R. Roatcap, one Harvey Wanck was grantee therein; and plaintiff in error claims title to the property under a quitclaim deed executed by said Harvey Wanck to him on the 23d day of October, 1899. He contends that the deed as it appears upon the record in the office of the register of deeds has been altered since its execution by the erasure of Mr. Wanck's name, and the insertion therein of the name of Mrs. Bivin as the grantee. Defendants in error, on the other hand, contend that no change has been made in the deed since its execution, and they claim title to the property and the right of possession thereof under a deed executed by Mrs. Bivin and her husband, T. O. Bivin, to defendant Mrs. J. A. Smith.

Plaintiff introduced in his behalf the deposition of E. T. Lewis, who testifies that he took an acknowledgment of J. M. Roatcap to a deed on February 3, 1897 and he then read from his record a memorandum to the effect that such deed conveyed the grantor's interest in lots 20, 21, and 22, in block 91, of the city of Kingfisher, Okla. T., to Harvey Wanck as grantee. He does not testify as to whether he took an acknowledgment of Roatcap to any deed to Mrs. Bivin. Harvey Wanck testified on behalf of plaintiff that he resides in Linn county, Mo.; that he was in Kingfisher from April, 1896, until February, 1897. On the last-mentioned date he went to Missouri, where he remained for about a month before returning to Kingfisher; that he contracted with one Joe Wheeler, agent for John M. Roatcap, for the lots in controversy, and was to pay therefor $425 in cash when deed was delivered to him or his agent; that he left the money in the hands of T. O. Bivin as his agent; that in September, 1897, he made an examination of the records of the register of deeds office, and found on record there the deed, a copy of which has been above referred to; that this was the first time he learned that the deed was not made to him, or that it had been changed after being received and before it was placed on record. John M. Roatcap, by deposition, testified that in a former deposition in this case he had denied ever executing a deed to Wanck, but, after refreshing his memory, he recalled that he had done so; and he immediately requested permission to correct his mistake, and he testified that he did execute a deed to Wanck, the acknowledgment of which was taken by the notary public, E. T. Lewis. Plaintiff also introduced in evidence the records of the register of deeds office, showing the warranty deed from Roatcap to Mrs. Bivin. Plaintiff testified in his own behalf that prior to the sale of the property he lived on it, that the Roatcaps lived in Texas, and, when a foreclosure proceeding under a mortgage was brought by Joe Wheeler against them and plaintiff found out there was some equity in the property, he notified the Roatcaps, and that Mrs. Roatcap came to look after the matter; that no deed was executed

in this territory. but that she went back home and the deed was executed, as she thinks, in Texas, that it was then sent to him, and at the time he received it the grantee therein was Wanck; and it was in that condition when he delivered it to Mr. Bivin, who he testified was then acting as the agent of Wanck. He further testified that, at the time he turned it over to Bivin, Bivin made a change in the deed by erasing Wanck's name and inserting Mrs. Bivins. Defendants purchased the property from Mrs. Bivin, after Wanck had executed his quitclaim deed to plaintiff, and the same had been placed of record. Defendants also had notice from a conversation with plaintiff of his claim to the property before their purchase from Mrs. Bivin.

On behalf of defendants, one E. Wheeler testified that he represented the mortgagee in the foreclosure proceeding pending at the time of the conveyance of the property by the Roatcaps; that execution had been issued and the property advertised for sale; that previous to the day of sale plaintiff told him that Wanck was talking of buying the property, but that on the day of the sale plaintiff came to him and told him that Wanck had gone to Missouri, and he had just received a letter from him to the effect that he, Wanck, was unable to get the money with which to purchase the property. And the witness further testified that plaintiff urged him to hold up the sale and told him that Bivin would buy the property; that Mrs. Roatcap, who had come up from Texas, accompanied by plaintiff, came to witness and told him that plaintiff would act as agent for the Roatcaps; and that whatever he did would be all right; and that one Joe Wheeler, a cousin of witness, would assist in the matter. Transactions followed between Joe Wheeler and Bivin by which Bivin purchased the property for a consideration of $425. This witness testifies that the deed was written in his office; that there were present Joe Wheeler, a notary public, and Mrs. Roatcap; that Joe Wheeler, who is now dead, wrote the deed; that Mrs. Roatcap signed and acknowledged it before him; that at this time Mrs. Bivin was named in the deed as the grantee, her name having been written·

in the deed by Joe Wheeler. He also testifies that, after Mr. Wanck came back from Missouri, he, the witness, not having received all the money out of the transaction, asked Mr. Wanck if he was interested in it, and was told that he was not putting a dollar into it, and thought that Mrs. Bivin was getting her money from home with which to pay for it; that in the same conversation Wanck told the witness that he was glad that the Bivins secured the property; and that they were improving it.

Mr. Bivin testified that he bought the property for his wife; that she paid for it out of her separate funds, and that he transacted the business with Joe Wheeler as agent of the Roatcaps; that plaintiff never delivered him any deed; and that the deed he received did not have Wanck's name in it; and that he had never made any change or erasure in the deed received by him from Joe Wheeler. It is not contradicted that, after the Bivins purchased the property, they immediately moved upon it, and Wanck for some time boarded with them; that the Bivins improved the property by fencing it, setting out trees, leveling up the yard, and building a substantial barn thereon and painting the house, all at their own expense. Wanck never received any deed to the property; nor does the record disclose that he ever made any inquiry about whether any deed had been executed to him until in September following the execution of a deed to the Bivins in January, when he investigated the records of the register of deeds office, and even then, when he found upon the record the deed to Mrs. Bivin, he does not seem to have made any protest or taken any steps toward correcting the same, but continued to live with the Bivins until they sold the property to defendants, at which time he and the Bivins moved from the premises and delivered possession to the defendants.

Plaintiff introduced the record of the deed from the Roatcaps to Mrs. Bivin, and the burden was upon him to establish that this deed had been altered since its execution. It is not contended by plaintiff that there is no conflict in the evidence upon all the issues necessary for him to establish in order to be en-

titled to recover. The entire discussion in his brief is devoted in the main to weighing the evidence of the respective witnesses to show that a preponderance thereof supports his contention. But it is the well-settled rule that, where a cause is submitted to the court without a jury, a general finding of the court is equivalent to a general verdict; and where the evidence is conflicting upon material issues involved, or there was evidence reasonably tending to establish the allegations of the prevailing party, the finding of the court will not be disturbed on appeal to this court. *Saxon v. White,* 21 Okla. 194, 95 Pac. 783; *Eager v. Seeds,* 21 Okla. 524, 96 Pac. 646.

The judgment of the trial court is affirmed.

TURNER, C. J., and DUNN and WILLIAMS, JJ., concur; KANE, J., not participating.