## KELLEY *et al. v.* WOOD.

No. 1355.  Opinion Filed December 12, 1911.

Rehearing Denied February 6, 1912.

(120 Pac. 1110.)

1.  **APPEAL AND ERROR**—Review—Questions of Fact. Whether or not Kelley was the agent of the other defendants in this case was a question of fact to be determined, as other facts, from the evidence.

2.  **SAME**—Principal and Agent—Authority of Agent—Question of Fact.  The apparent authority of an agent is to be gathered from the facts and circumstances in evidence, and is a question of fact to be determined, as other facts, by the jury, or by the court, when the cause was tried without a jury.

3.  **SAME**—Continuance—Discretion of Court.  The granting or refusing of a continuance is within the sound judicial discretion of the trial court; and unless it appears that there was an abuse of such discretion the order of the trial court in such matters will not be disturbed by the Supreme Court on appeal.

(Syllabus by Robertson, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by L. M. Wood against George C. Kelley and others.  Judgment for plaintiff, and defendants bring error.  Affirmed.

*Dumars & Vaught* and *R. E. Gish,* for plaintiffs in error.

*Samuel A. Calhoun,* for defendant in error.

Opinion by ROBERTSON, C.  This was an action, begun in the district court of Oklahoma county, by the defendant in error, who was plaintiff below, against the plaintiffs in error, who were defendants below, to recover the sum of $1,400, alleged to be due him for services as an architect.  For convenience, the plaintiffs in error will be hereinafter designated as defendants, and the defendant in error as plaintiff.

Plaintiff alleged in his petition that on the 15th day of July, 1907, he entered into a contract with the defendant George C. Kelley, who was acting for himself and also as agent for George B. Kelley and Wilbur E. Kelley; that under the terms of the contract plaintiff was to, and did, prepare and furnish plans and specifications for the remodeling of a certain business block belonging to defendants, in Oklahoma City, commonly known as the old Masonic Temple; that the defendants promised and agreed to pay him for said services the sum of 5 per cent. of the cost of remodeling said building; that he performed all the conditions of the said contract, but that defendants, when said plans were completed and furnished, abandoned their intention of remodeling said building, and refused to pay plaintiff, who by reason of such abandonment was entitled to the sum of $1,400 in full compensation, as provided for in said contract. The defendants answered by general denial, and the cause, on the issues thus joined, was tried to the court, without a jury, and a judgment was entered in favor of the plaintiff and against the defendants, and each of them, in the sum of $1,400, which judgment said defendants seek to reverse by this appeal.

There are but two questions raised by the defendants in their brief, viz: First. The judgment of the court is not sustained by sufficient evidence, and is contrary to law. Second. The court erred in overruling defendant's motion for a continuance.

It is a well-established principle in this court that when evidence has been introduced under the issues raised by the pleadings in the court below, and such evidence reasonably tends to support the finding of fact, such finding of fact will not be disturbed on appeal, and the rule on this subject is the same when a case is submitted to a court, without a jury, as when a jury has been impaneled to try the issues. *National Bank of Guthrie v. Earl,* 2 Okla. 617, 39 Pac. 391; *Meierholtz v. Territory,* 14 Okla. 359, 78 Pac. 90; *Hussey v. Blaylock,* 21 Okla. 220, 95 Pac. 773; *Freeman v. Eldridge,* 26 Okla. 601, 110 Pac. 1057; *Harrill v. Parkinson,* 27 Okla. 528, 112 Pac. 970; *Hobbs v.*

*Smith,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697; *J. I. Case Threshing Machine Co. v. Oates,* 27 Okla. 412, 112 Pac. 980; *Davis v. Smith,* 28 Okla. 852, 115·Pac. 1017.

In the case at bar, the evidence was submitted to the court, without a jury. No request was made by either party for special findings of fact by the court;.and in such case a general finding in favor of the plaintiff and against the defendant is in effect a finding of every special thing necessary to sustain the general finding. The record in this case is voluminous, several witnesses having testified, and a great many letters and other exhibits are attached to, and incorporated in, the case-made. The controverted question in· the case is one of agency. If George C. Kelley was the agent of his codefendants in the transaction with Wood, then the decision and judgment of the court is correct, and should be sustained. The agency in this case, if any there was, must be established from the acts of the parties; no direct evidence on the subject having been introduced. The relation of principal and agent, however, .does not depend upon an express appointment, but may, like any other facts, be gathered from the acts of the parties and the circumstances of the case.

"The apparent authority of an agent is to be gathered from all the facts and circumstances in the case, and is a question of fact for the jury." (*Minneapolis Threshing Machine Co. v. Humphrey,* 26 Okla. 694, 117 Pac. 203.)

On page 9 of the record, appears the following:

"Mr. Du Mars: It is admitted that George B. Kelley and Wilbur E. Kelley are the owners of lots 1 and 2 in block 22, in Oklahoma City, Oklahoma county, Oklahoma."

Page, 287, block 5, Miscellaneous Records of Oklahoma county, introduced in evidence, shows a lease from George C. Kelley, Wilbur E. Kelley, and George B. Kelley to the Western National Bank; while on page 93 of the record, from the testimony of John M. Hill, it appears that he was occupying a part of the same premises, under a lease with George C. Kelley, for the year beginning December, 1908, and ending December, 1909, and that he occupied the said premises the year before, under a

written lease with George C. Kelley, whom he supposed to be the owner, and that he paid the rent monthly, in advance, by 30-day notes, due the 1st of every month, collected through the bank, these notes being made payable to George C. Kelley, but which were indorsed by him to the Kelley Company. The evidence also clearly shows that the said George C. Kelley, who resided in Oklahoma City, represented the other Kelleys, who lived in Birmingham, Ala., and was in charge of the property above referred to, and rented and managed the same, and the said George C. Kelley was held out by George B. Kelley and Wilbur E. Kelley as their agent, investing him with apparent authority as agent, and by their conduct conferred upon him the reputation in the community of being one of the owners of the property, or at least as having an interest therein.

Taken as a whole, the question of agency presented a controverted question of fact for the consideration of the court, and was resolved in favor of the plaintiff and against the defendants. From a careful investigation of the entire record, we cannot say there was no evidence tending to support the finding of the lower court; on the contrary, we are bound to conclude that there was evidence reasonably tending to support the finding, and in accordance with the rule above enunciated such finding will not be disturbed by this court on appeal.

As to the second question raised in the brief of plaintiffs in error, viz., that the trial court erred in overruling defendant's motion for a continuance, we find that at the trial defendant's attorney, without the formality of a written application, announced, "The defendant announces not ready, because of the absence of the defendant George C. Kelley, he being in Birmingham, Ala., and having a wire from him to the effect that he is engaged in court there, and cannot get away," which motion was overruled by the court in the following language:

"The objection which the defendant makes to the going to trial for the reasons stated are overruled, the court being of the opinion that due diligence has not been used by the defendant himself, but that his attorney has shown diligence on his part, the case having been set for trial for two months, the an-

nouncement having been made at this time that the defendant is not prepared for trial is deemed insufficient by the court." (Record, page 7.)

This is the entire record on the question of a continuance. The abuse of discretion complained of by plaintiffs in error was presented upon motion for new trial, supported by the affidavit of George C. Kelley. The court very properly held that no good reason had been shown for the continuance, and it was too late to raise that question in the manner attempted by the motion for a new trial. Defendants complain of the overruling of the motion for a new trial, and set up the affidavit of George C. Kelley, showing that he was absent, in the city of Birmingham, at the time of the trial, and was unexpectedly detained in that city, owing to the fact that a certain action was pending in the city court at that place; and that it was desired to settle that case before leaving there. This affidavit does not show reasonable diligence, or any diligence in fact, on the part of the defendant, and simply recites that George C. Kelley has a valid defense, and will be able to controvert the allegations of plaintiff's petition, without setting out what that defense was. See record, page 188. This is not a proper method of presenting the question of "newly discovered evidence, material to the defendant, which could not, with reasonable diligence, have been discovered and produced at the trial." This affidavit, if it had been presented to the trial court in connection with the motion for continuance, would not have been sufficient, and the trial court committed no error in denying the continuance, or in overruling the motion for new trial, based upon such alleged error. See section 5836, Comp. Laws 1909.

"An application for a continuance is addressed to the discretion of the court, and will not be reviewed, unless abuse of discretion is shown." (*McMahan v. Norick,* 12 Okla. 125, 69 Pac. 1047; *McCann v. McCann,* 24 Okla. 264, 103 Pac. 694, and cases there cited.)

We are clearly of opinion that there is no prejudicial error in the record, and the judgment of the district court of Oklahoma county should be affirmed.

By the Court: It is so ordered.