## HILSMEYER v. BLAKE.

Rehearing Denied August 20, 1912.

(125 Pac. 1129.)

No. 1957.   Opinion Filed June 25, 1912.

1. **PLEADING—Written Instrument—Execution—Verified Denial—Authority.** Under Comp. Laws 1909, sec. 5648, providing that allegations of the execution of written instruments and indorsements thereon shall be taken as true, unless the denial thereof be verified by affidavit, it is not necessary that the pleading in question be verified where only the authority of the party to execute is involved.

2. **APPEAL AND ERROR—Objections in Lower Court—Pleadings.** Objections that go to the form rather than legal sufficiency of a pleading will be deemed to have been waived, unless raised in the court below in some manner prescribed by law.

3. **DEEDS—Execution—Signature by Mark—Attestation—Acknowledgment.** An officer's certificate of the grantor's acknowledgment of the execution of a deed filed for record is a sufficient compliance with a requirement of attestation by witnesses to the grantor's signature by mark.

Hilsmeyer v. Blake.

4.   **ACKNOWLEDGMENT—Authority of Officer—Interest.** Whether or not an officer taking an acknowledgment to a deed is or is not financially or beneficially interested in the transaction is a question of fact; the burden of proof being upon the assailant. Such issue of fact is concluded by the decree of the court in the same manner and to the same extent as are other questions of fact.

5.   **APPEAL AND ERROR—Findings—Review—Weight of Evidence.** Where a case is tried by the court, without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support its findings, such findings will not be disturbed on the weight of the evidence.

(Syllabus by Sharp, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by Hannah Barnett against W. R. Blake and Fred E. Hilsmeyer. The action having been dismissed by plaintiff, the cause proceeded to trial between defendants Blake and Hilsmeyer; each claiming title to the land in controversy through separate conveyances from the original plaintiff. From a judgment in favor of Blake, Hilsmeyer brings error. Affirmed.

*Lewis C Lawson,* for plaintiff in error.

*J. B. Patterson,* for defendant in error.

Opinion by SHARP, C. This action was brought by Hannah Barnett against W. R. Blake and Fred E. Hilsmeyer, defendants below. The action was afterwards dismissed by the plaintiff, and the cause proceeded to trial between the two defendants; each claiming title to the 120 acres of land in controversy through separate conveyances from the allottee, the said Hannah Barnett. The deed through which defendant in error claimed title was executed November 6, 1909, and filed for record in the office of the register of deeds at Okemah, on November 8, 1909. The deed to plaintiff in error was executed and delivered November 9, 1909. The deed to Blake was charged by plaintiff in error to have been a forgery. The case was tried before the court, who, after hearing the testimony of a large number of witnesses, sustained the Blake deed, and in the decree specially found that on the 6th day of November, 1909, for a valuable and adequate consideration, the said Hannah Barnett

sold, and by her warranty deed of that date conveyed to the defendant, W. R. Blake, all of her right, title, and interest in the lands in question; that the defendant Blake, went into the immediate possession of said lands, and that said deed was duly recorded as heretofore shown; that hereafter, and on the 9th day of November, 1909, the said Hannah Barnett attempted to sell and convey said lands to the said Fred E. Hilsmeyer; that on said date she executed and delivered to him a deed purporting to convey to him said lands, but that on said date the defendant in error, W. R. Blake, was the absolute owner in fee simple of said real estate, and that plaintiff, Hannah Barnett, had no interest therein; that her deed to Hilsmeyer conveyed no title; and that said Hilsmeyer took said deed with full knowledge of the prior deed to Blake, and the record thereof, and with notice of the possession of said real estate by the said W. R. Blake.

Counsel for plaintiff in error first complains that, defendant Blake's answer, or, as it was termed by said defendant, "reply," not being verified, the admission in evidence of defendant's deed constituted reversible error. Section 4312, Wilson's Rev. & Ann. St. 1903 (section 5648, Comp. Laws 1909), provides that:

"In all actions, allegations of the execution of written instruments and endorsements thereon   *   *   *   shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Apparently counsel have misconceived the issues in this particular. Defendant, Blake, did not deny that, subsequent to the time he acquired title through his deed, Hannah Barnett made a second deed to the plaintiff in error, but charged that said second deed was taken with full knowledge of the defendant's rights and possession under his prior deed. The making of a warranty deed in compliance with the provisions of the statute conveys to the grantee, his heirs or assigns, the entire interest of the grantor in the premises described. Comp. Laws 1909, sec. 1202. It mattered not that Hannah Barnett executed a second deed, except in so far as it may have constituted a cloud upon the title of defendant, as said defendant could rest secure

and rely upon his prior deed. Therefore, the execution of the deed to plaintiff in error not being put in issue by a verified denial, it was unnecessary for other purposes to verify said reply. In *Flesher v. Callahan et al.,* 32 Okla. 283, 122 Pac. 489, this court held that on a failure to verify a pleading as required by section 5648, *supra,* the execution of the instrument only was thereby admitted, and not the right or authority of the party to make it. The exact question is here presented. Hannah Barnett, having already conveyed her title, had no power or authority to execute a second deed. In *Sawyer & Austin Lbr. Co. v. Champlain Lbr. Co.,* 16 Okla. 90, 84 Pac. 1093, it was said, in construing another provision of the same section, requiring verification of pleadings:

"Where the correctness of a verified account is not questioned, but some affirmative defense is pleaded, no verification to the answer is required"—citing cases.

Counsel objects to the sufficiency of the denials contained in the reply; but it nowhere appears in the record that the reply was challenged by demurrer or otherwise in the trial court, and, the objection going to the form rather than the sufficiency of the pleading, as raised, it is entitled to no consideration. *Bohart v. Mathews,* 29 Okla. 315, 116 Pac. 944.

Counsel for plaintiff in error, while vigorously denying that Hannah Barnett signed the Blake deed, at the same time denies that the subscription thereto, if found to have been made, is a compliance with section 2965, Comp. Laws 1909, and charges that Willie J. Brown, the notary public who took the acknowledgment, by reason of his interest in the transaction, was disqualified to act in the premises. This court has recently held in *Campbell v. Harsh,* 31 Okla. 436, 122 Pac. 127, that an officer's certificate to the grantor's acknowledgment of the execution of the deed filed for record is a sufficient compliance with the requirement of attestation of witnesses to the grantor's signature by mark. Other recent cases announcing the same rule are *Sims et al. v. Hedges,* 32 Okla. 683, 123 Pac. 155, and *Walker Bond & Co. v. Purifier,* 32 Okla. 844, 124 Pac. 322. Numerous authorities in support of this rule are cited in *First Nat. Bank of Hailey*

*v. Glenn,* 10 Idaho, 224, 77 Pac. 624, 109 Am. St. Rep. 204. We have searched the record closely and fail to find any testimony sustaining the charge that the notary public who took Hannah Barnett's acknowledgment to the Blake deed was disqualified to act, either in taking the acknowledgment, or subscribing the name and witnessing the mark of the grantor. While it is true that because of the probative force accorded to the certificate, as well as the usually important consequences of the instrument itself, public policy forbids that the act of taking and certifying the acknowledgment should be exercised by a person financially or beneficially interested in the transaction, yet there must be evidence to support the charge. The burden of proof in such cases rests upon the assailant of the validity of the certificate. The certificate is *prima facie* evidence of its due execution. *American Freehold Land Mortgage Co. v. Thornton,* 108 Ala. 258, 19 South. 529, 54 Am. St. Rep. 148. Numerous authorities sustaining this general proposition are cited in a comprehensive note to the above case. The question of whether or not the officer taking the acknowledgment is or is not financially or beneficially interested in the transaction is necessarily one of fact, and is concluded by the verdict of the jury or the judgment or decree of a court in the same manner and to the same extent as are other questions of fact.

Counsel for plaintiff in error, however, complains that the decree of the trial court was wrong, first, because not supported by the evidence; second, because it is contrary to the weight of the evidence; and devotes almost 100 pages of his brief to a discussion of the testimony. This court has repeatedly held that it will not investigate the record to see whether the verdict of the jury or the judgment of the court is contrary to the weight of the evidence, or examine into the evidence to ascertain its credibility; the rule being that where the evidence is conflicting this court will not review it to ascertain where the weight of evidence lies, but if there is evidence reasonably tending to support the verdict or judgment it will not be set aside. *Loeb v. Loeb et al.,* 24 Okla. 384, 103 Pac. 570; *Great Western Mfg. Co. v. Davidson Mill & El. Co.,* 26 Okla. 626, 110 Pac. 1096; *Burns v.*

*Vaught,* 27 Okla. 711, 113 Pac. 906; *First Nat. Bank of Guymon v. Arnold,* 28 Okla. 49, 113 Pac. 719; *Wrought Iron Range Co. v. Leach,* 32 Okla. 706, 123 Pac. 419; *Davis v. Smith et al.,* 28 Okla. 852, 115 Pac. 1017; *J. I. Case Threshing Mach. Co. v. Oates,* 27 Okla. 412, 112 Pac. 980; *Freeman v. Eldridge,* 26 Okla. 601, 110 Pac. 1057; *First National Bank v. Lookabaugh,* 28 Okla. 608, 115 Pac. 786; *Roberts v. Markham,* 26 Okla. 387, 109 Pac. 127; *Runyan v. Fisher,* 28 Okla. 450, 114 Pac. 717; *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *Eager et al. v. Seeds,* 21 Okla. 524, 96 Pac. 646; *Bretch Bros. v. S. Winston & Sons,* 28 Okla. 625, 115 Pac. 795; *Smith v. Stewart,* 29 Okla. 26, 116 Pac. 182; *Hunter v. Spencer,* 21 Okla. 155, 95 Pac. 757, 17 L. R. A. (N. S.) 622.

Section 20, art. 7, Williams' Ann. Const. Okla. (205), provides:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury, in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

The requirement applies here with particular force. A number of the witnesses in the instant case were Creek Indians, and it appears that a part, at least, of the testimony was introduced through the medium of an interpreter. The trial court has a peculiar advantage in cases of this character in weighing and considering the testimony. Indeed, the opportunity of seeing the witnesses and hearing their testimony in such cases is not only invaluable, but almost essential, to a correct understanding of the testimony. *Kessel et ux. v. Kessel,* 79 Wis. 289, 48 N. W. 382; *Kennedy v. Pawnee Trust Co. et al., ante,* 126 Pac. 548. As there was evidence to support the findings of the court, the judgment of the court will not be disturbed.

It is objected that all evidence of the transaction of December 31, 1909, was inadmissible, and for that reason the trial court erred in finding for the defendant. Again, we think counsel is mistaken. Much of this testimony tended to contradict that given by Hannah Barnett as to the execution of the original deed of November 6th. The fact of a subsequent change in the consideration did not destroy the title acquired by the de-

fendant. That plaintiff paid Hannah Barnett $3,000 in cash, in lieu of the payment of the $1,000 note, and that Hannah Barnett reconveyed to defendant the six lots in the town of Weleetka, forming a part of the original consideration, was not a question in which the plaintiff in error was concerned. To hold otherwise would destroy the right of competent parties to change, alter, or modify a contract once made; besides, plaintiff in error having, without objection, at the outset assumed the burden of proof must recover, if at all, on the strength of his own title, and not on the weakness of that of his adversary.

Other objections to the admissibility of testimony on account of the pleadings cannot be considered; no sufficient objection thereto being made in the trial court.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.