## DOCKSTADER v. GIBBS *et al.*

No. 2018. Opinion Filed August 20, 1912.

(126 Pac. 229.)

1. **REFORMATION OF INSTRUMENTS—Deeds—Proof.** To justify the reformation of a deed, failing to conform to the agreement of the parties thereto through mutual mistake, the proof should be clear, unequivocal, and decisive.

2. **SAME—Mutual Mistake—Evidence.** Evidence examined, and **held** sufficient to show that a deed given by G. to S. did not conform to the agreement of the parties through mutual mistake, justifying its reformation.

(Syllabus by Sharp, C.)

*Error from District Court, Creek County;*
*W. L. Barnum, Judge.*

Action by Austin Gibbs and G. W. Gibbs against Clara A. Dockstader for reformation of a deed. Judgment for plaintiffs, and defendant brings error. Affirmed.

*C. B. Rockwood,* for plaintiff in error.

*Thompson & Smith,* for defendants in error.

Opinion by SHARP, C. July 27, 1906, defendants in error, plaintiffs below, filed their complaint in equity against plaintiff in error, defendant below, in the United States Court of the Western District of the Indian Territory, at Sapulpa, in which they sought the reformation of a certain deed to a parcel of land in the then Eighth recording district of the Indian Territory, now located in Creek county, Okla. November 30th thereafter de-

fendant filed her answer and cross-complaint, in which she asked the cancellation of a certain deed executed by her grantor, G. W. Gibbs, to plaintiff Austin Gibbs. A jury being waived, both the issues of fact and of law were submitted to the trial court, who, after hearing all the testimony, rendered judgment for plaintiffs and against defendant, and in the findings of fact submitted, specially found:

"That plaintiff, G. W. Gibbs, and the defendant, Clara Dockstader, negotiated for the sale and purchase of only a portion of the real estate described in said deed, and that the said G. W. Gibbs intended to convey to the defendant, and the defendant intended to receive and pay for, the following described portion of the lands described in said deed"

—the description of the land intended to be conveyed then being set forth in said findings. It further appeared from said findings that the deed was drawn by one A. H. Purdy, a notary public at Bristow, at the request of the grantor, G. W. Gibbs, with directions to include in the deed only that portion of the lands actually purchased by defendant, and that the said Purdy, in drawing said deed, by mistake and inadvertence included in the description other adjoining lands of the said G. W. Gibbs, not intended to be conveyed to said defendant.

It is urged by the plaintiff in error that the court erred in rendering judgment for the plaintiff Austin Gibbs and against defendant, in overruling defendant's motion for a new trial, and because the judgment was contrary to law, and is not sustained by, but is contrary to, the evidence. It is urged, in the argument made in support of the assignments of error, that there was no evidence of a mutual mistake of the parties. G. W. Gibbs died before the trial. In addition to the testimony of Austin Gibbs was that of the witnesses Speer, Purdy, Helton, Bounds, Hogan, and Wes. Gibbs. The defendant's testimony was unsupported. We have examined the testimony, and in our judgment the proof clearly and unequivocally supported the findings of the trial court. In fact, we are unable to see how the court could have reached any other conclusion. It is the province of courts of equity, whose jurisdiction is appealed to in such cases, to grant relief, though its exercise should be carefully guarded, and grant-

ed only where the evidence is clear, convincing, and satisfactory. *Martin v. Hempstead County Levee Dist. No. 1,* 98 Ark. 23, 135 S. W. 453; *Cherry v. Brizzolara,* 89 Ark. 309, 116 S. W. 668, 21 L. R. A. (N. S.) 508; *Redding v. Badger Lumber Co.,* 127 Mo. App. 625, 106 S. W. 557; *Mitchell v. Griffith et al.,* 87 Neb. 140, 126 N. W. 998; *Smith et al. v. Owens et al.,* 63 W. Va. 60, 59 S. E. 762; *Clements v. Life Ins. Co. of Virginia,* 155 N. C. 57, 70 S. E. 1076; *Waslee v. Rossman et al.,* 231 Pa. 219, 80 Atl. 643; *Andrews v. Andrews,* 81 Me. 337, 17 Atl. 166.

There being testimony of the character indicated, this court will not disturb the findings or vacate the decree of the lower court. *Hunter Realty Co. v. Spencer,* 21 Okla. 155, 95 Pac. 757, 17 L. R. A. (N. S.) 622; *Eager et al. v. Seeds,* 21 Okla. 524, 96 Pac. 646; *Loeb v. Loeb et al.,* 24 Okla. 384, 103 Pac. 570; *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *Roberts v. Markham,* 26 Okla. 387, 109 Pac. 127; *Freeman v. Eldridge,* 26 Okla. 601, 110 Pac. 1057; *Great Western Mfg. Co. v. Davidson Mill & El. Co.,* 26 Okla. 626, 110 Pac. 1096; *J. I. Case Threshing Mach. Co. v. Oates,* 27 Okla. 412, 112 Pac. 980; *Burns v. Vaught,* 27 Okla. 711, 113 Pac. 906; *First Nat. Bank of Guymon v. Arnold,* 28 Okla. 49, 113 Pac. 719; *Runyan v. Fisher,* 28 Okla. 450, 114 Pac. 717; *First Nat. Bank v. Lookabaugh,* 28 Okla. 608, 115 Pac. 786; *Bretch Bros. v. S. Winston & Sons,* 28 Okla. 625, 115 Pac. 795; *Wrought Iron Range Co. v. Leach,* 32 Okla. 706, 123 Pac. 419; *Davis v. Smith et al.,* 28 Okla. 852, 115 Pac. 1017; *Smith v. Stewart,* 29 Okla. 26, 116 Pac. 182; *Hilsmeyer v. Blake, ante,* 125 Pac. 1129. Section 20, art. 7, Williams' Ann. Const. Okla. (191), provides:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

The findings of fact made by the court being amply supported by the testimony, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.