## HARRILL v. PARKINSON.

### No. 635.    Opinion Filed November 16, 1910.

**APPEAL AND ERROR—Review—Conflicting Evidence.** Where the evidence is conflicting, this court will not review the evidence to ascertain where the weight of the evidence lies; and if there is evidence reasonably tending to support the verdict, it will not be set aside.

' (Syllabus by the Court.)

*Error from District Court, Wagoner County; John H. King, Judge.*

Action by James Parkinson against Thomas C. Harrill. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. T. Hunt,* for plaintiff in error.
*C. E. Castle,* for defendant in error.
*K. C. Crain,* of counsel.

HAYES, J.    Defendant in error brought this action to recover from plaintiff in error the sum of $762.50, alleged to be the balance due on a certain promissory note executed by plaintiff in error to defendant in error and the interest thereon, and for a decree foreclosing his lien upon certain stock in an oil company pledged to secure the payment of the note. The facts of the case that are uncontroverted are, in substance, as follows: On May the 18, 1905, plaintiff in error executed his promissory note to defendant in error for the sum of $1,000, payable November

the 18, 1905, bearing interest from date at the rate of 8 per cent. per annum. On the same date he deposited with defendant in error 400 shares of stock in an oil company as a pledge to secure the payment of said note. On February 16, 1906, plaintiff in error paid on the note the sum of $240; and on May 26, 1906, the further sum of $100. Plaintiff in error contends that on February 16, 1906, when the payment of $240 was made by him, an agreement was made between him and defendant in error, whereby defendant in error purchased from him the 400 shares of stock pledged to secure the payment of the note for the agreed sum of $500, for which amount his note was to be credited, in addition to the amount of $240 paid by him; and that he promised to pay the balance due on the note within a reasonably short time. Defendant in error, on the other hand, contends that the agreement between him and plaintiff in error on said date was that the 400 shares of stock would be accepted by him at a valuation of $500 to be applied and credited upon the note, upon the condition and in the event plaintiff in error, within a reasonably short time, which thereafterwards was fixed between them to be July 1, 1906, should pay the balance on the note; but that there was never any agreement by him to accept the stock at said valuation, unless the balance on the note was paid within the time agreed upon. Plaintiff in error contends, also, that he is entitled to an offset against the note for the sum of $180.58, due by defendant in error to him on open account; and that if he is allowed credit for all the amounts contended for by him, there is no balance due upon the note. The whole controversy in the court below revolved around the contention of the parties as to whether the transaction between them on February 16, 1906, was one of absolute purchase by defendant in error of the stock from plaintiff in error, or whether it was conditioned upon the payment of the balance of the note within an agreed time. It is not contended that any payments other than those herein mentioned were ever made upon the note. The evidence as to the character of the transaction relative to

the stock is in sharp and irreconcilable conflict; that of defendant in error being that his agreement to take the stock was conditional upon the payment of the balance of the note within a reasonably short time, to be not later than July the first following. The evidence of plaintiff in error, on the other hand, was equally as positive that the agreement was an absolute sale. The cause was submitted to a jury under instructions of which no complaint has been made in this court by plaintiff in error, and to which no objections were made in the court below; and the jury returned a verdict in favor of defendant in error, upon which the judgment appealed from was rendered. The rule repeatedly announced in this jurisdiction is that this court will not weigh conflicting evidence to ascertain where the weight of the evidence lies; and, where the evidence reasonably tends to support the verdict of the jury, it will not be set aside. *Loeb v. Loeb et al.,* 24 Okla. 384; *Bird v. Webber,* 23 Okla. 583.

Other assignments of error complain of the refusal of the court to admit certain evidence offered by plaintiff in error, but they are without sufficient merit to require discussion.

Finding no error in the record requiring a reversal of the cause, the judgment of the trial court is affirmed.

All the Justices concur.