## FIRST NAT. BANK OF GUYMON *et al.* v. ARNOLD.

No. 719. Opinion Filed January 10, 1911.

**TRIAL—General Findings of Court—Effect.** In a cause tried to the court a general finding for plaintiff is equivalent to finding in his favor each fact in issue in the cause.

**APPEAL AND ERROR—Review—Sufficiency of Evidence.** A judgment will not be reversed by this court on account of the insufficiency of the evidence where the evidence reasonably tends to support the same.

(Syllabus by the court.)

*Error from District Court, Texas County; R. H. Loofbourrow, Judge.*

Action by Levi Arnold against the First National Bank of Guymon, Ivan Perkins intervening. Judgment for plaintiff, and defendant and intervenor bring error. Affirmed.

Vol. 28—4

*V. H. Grinstead* and *Chas. Swindall,* for plaintiffs in error.
*J. L. Pancoast,* for defendant in error.

TURNER, J.   On October 22, 1906, Levi Arnold, defendant in error, as plaintiff, sued the First National Bank of Guymon, one of the plaintiffs in error, in the district court of Beaver county. The petition substantially states that on August 29, 1906, he deposited in the defendant bank a check on the First National Bank of Blackwell, Oklahoma, for $1,000, together with written instructions as follows:

"Guymon, Okla., Aug. 29th, 1906.
"First National Bank,
                    "City.
"Gentlemen:
    "I hand you herewith check on the First National Bank of Blackwell, Okla., for $1,000.00, to be delivered to Ivan S Perkins, subject to my filing on the land described as follows: N. W. ¼ of section 11, township 2 N., of range 14, E. C. M.
    "When I get a straight filing on said land, the full amount is to be paid to Ivan S. Perkins, but in case I fail to get a straight filing, on the said described land, the money is to be refunded to me or my order.          Yours truly,
                    "(Signed)   LEVI ARNOLD."

—that defendant cashed said check and now has in its possession and under its control the proceeds thereof, the property of plaintiff; that on September 13, 1906, said Perkins informed plaintiff that he could not secure for plaintiff said straight homestead entry on said land; that on October 15, 1906, plaintiff notified said defendant bank of said inability of said Perkins and then and there made written demand upon said bank for said sum so deposited and revoked said written instructions; that said bank refused and still refuses to pay said money to plaintiff—and prays judgment therefor.   For amended answer the bank admitted the receipt of the deposit under said instructions; alleged that said Perkins claimed an interest therein; that said bank had none whatever, offered to pay the money into court or to whom the court might order—and prayed to be discharged with its costs. On April 1, 1907, came Perkins, the other plaintiff in error, and

by leave of court filed his "petition for intervention," and for his cause of action, after a general denial, alleged that on August 29, 1906, said Arnold and he entered into a contract in which plaintiff agreed to pay said Perkins $1,000, conditioned that he would procure the homestead filing set forth in said instructions to the bank; that, to secure the faithful performance of said contract by plaintiff, he then and there deposited $1,000 in the defendant bank for the purpose of paying intervener therefor when procured; that, pursuant thereto, intervener paid a sum certain to the then holder of the homestead entry on said tract for his improvements thereon and right of possession thereof, and procured a relinquishment of said homestead entry, and prepared an application for the restoration of plaintiff's right to make a new and additional homestead entry upon said land, which said application and an application to file upon said land, after being signed, executed, and verified by plaintiff, were by intervenor filed in the United States Land Office at Woodward, O. T., for action thereon; that intervenor believed and still believes that plaintiff was a duly qualified entryman, and that his right would have been restored and he would have been allowed by the Land Department to file upon said land had not plaintiff, without waiting for the decision and ruling of the department upon his rights to file thereon, and without the knowledge and consent of intervenor, withdrawn his application to enter the same as a homesteader and permitted another, at that time unknown to intervenor, to file a homestead entry thereon; that, at the time of said withdrawal, intervenor had performed his part of the contract, and that, owing to said conduct, plaintiff made it impossible for intervenor to further complete the same; that, by reason thereof, plaintiff is indebted to him said $1,000, no part of which has been paid—and prayed judgment for same and costs.

For answer to intervenor's petition, after general denial, plaintiff alleged that prior to March 15, 1906, he filed a soldier's declaratory claim on another tract of land (describing it); that he had never seen the land, but had filed through an agent pre-

paratory to transmuting said filing to homestead entry; that in August, 1906, he made a personal examination thereof and became dissatisfied therewith, and while returning home, at Guymon, met intervenor, who informed him that he was entitled to make a second homestead entry of government land; that he, being ignorant of the land laws and believing intervenor to be not so, relied on said representation, and, after being shown the land in question and believing the representation of intervenor that he could procure for him a second entry thereon by filing the necessary papers in the land office at Woodward, Oklahoma, entered into a contract with intervenor, in effect, as stated by him, except that the same provided that intervenor would procure a second homestead entry for plaintiff upon said land within 10 days from that time; that, as part thereof, plaintiff agreed to and did remain in Guymon until said papers could be sent as aforesaid, which, when received, plaintiff was informed by said office that it had no power or jurisdiction to entertain his application for a second entry; that the same would have to be transmitted to Washington, and that it would take, perhaps, a year for the same to be passed on; that, on receipt of said notice, intervenor wanted plaintiff to agree to wait, which he declined to do; that he was not entitled under the homestead laws to file the entry for which said application was made, because he had exhausted his homestead right by reason of making his soldier's declaratory statement, and, hence, it was impossible for intervenor to perform said contract— and prayed for judgment as set forth in his original petition.

After intervenor had filed a reply, in effect, a general denial, there was trial to the court, and a general finding of the issues in favor of plaintiff, and that the defendant bank was indebted to him in the sum of $1,000. After judgment rendered and entered for that amount, said bank and intervenor bring the case here.

Unlike counsel for plaintiff in error, we are not at a loss to understand upon what theory of the case the court found in favor of plaintiff. As the finding was general and included the finding of all facts necessary to constitute his claim (*Hunter Realty Co.*

*et al. v. Spencer et al.,* 21 Okla. 155; *Brewer v. Black,* 5 Okla. 57; *Meyer Bros. Drug Co. v. Kelley,* 5 Okla. 118), it is apparent that the court, independent of the legality or illegality of the contract, necessarily found, as pleaded and testified to by plaintiff and denied by the intervenor, that there was a time limit of ten days from the date of the contract in which intervenor had to perform his part thereof, and that he had failed so to do within that time, and that, too, without the interference of plaintiff rendering performance impossible. These findings are amply supported by the record, which discloses that, pursuant to said contract, the homestead entry of the former entryman was canceled September 1, 1906, and at the same time plaintiff made application for a second homestead entry to embrace said land; that on September 13, upon information received from the land office by both parties that said homestead entry could not be made, plaintiff executed a withdrawal of said application, which was filed in the land office September 22, 1906, and on September 21, 1906, owing to a defect in the first, executed a second withdrawal, which was filed September 24, 1906, showing that said contract had not been performed by defendant within the 10 days in which he had, under the contract, to secure for plaintiff the proper filing and thereby earn the $1,000 in question.

It cannot be said, as urged by intervenor, that the court erred in admitting parol evidence to prove the existence of the time limit as part of the contract, for the reason that, while plaintiff's written instructions to the bank contain no intimation of such limit, there is no pretense that the contract between plaintiff and intervenor was other than in parol, as, in effect, alleged and not denied in the pleadings. It is unnecessary to discuss the legality of the contract or other assignments of error.

As there is in the record evidence reasonably tending to support the finding and judgment, the judgment of the lower court is affirmed.

All the Justices concur.