## DAVIS v. WILLIAMS.

No. 1550. Opinion Filed February 6, 1912.

(121 Pac. 637.)

1. APPEAL AND ERROR—Briefs—Failure of Plaintiff in Error to File Abstract—Affirmance. The plaintiff in error having failed to comply with rule 25 of this court (20 Okla. xii, 95 Pac. viii), which provides that "the brief of the plaintiff in error in all cases, except felonies, shall contain an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the question presented to this court for decision, so that no examination of the record itself need be made in this court," but the defendant in error in his brief having made a counter abstract, no reply being made thereto by the plaintiff in error, under the abstract as made by the defendant in error, no error being shown, the judgment of the lower court will be affirmed.

2. SAME—Review—Sufficiency of Evidence. Where a question of fact is submitted to a jury upon issues joined by the pleadings, and there is evidence reasonably tending to support the verdict, the same will not be disturbed in this court on appeal.

(Syllabus by Robertson, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by D. H. Williams against F. D. Davis for damages and other relief. Judgment for plaintiff, and defendant brings error. Affirmed.

Defendant in error, plaintiff below, prayed for damages against plaintiff in error, defendant below, in the sum of $2,000, and further sought the cancellation of a note for $775, which had been given as part of the consideration of the sale of stock in a mercantile company to defendant in error. The plaintiff in error answered by general denial, and, in addition, alleged that he had made the sale in good faith and without fraud. On September 3, 1907, plaintiff in error commenced suit on the above-mentioned note against defendant in error, both cases

being filed in the district court of Comanche county. The two cases were consolidated and tried before a jury on March 20, 1909. The trial resulted in a verdict for the defendant in error for damages in the sum of $1 after allowing the off-setting of the note. Judgment was entered on the verdict, motion for new trial filed, overruled, and plaintiff in error prosecutes this appeal to reverse the said judgment.

*W. C. Henderson,* for plaintiff in error.

*Chas. Mitschrich,* for defendant in error.

Opinion by ROBERTSON, C. (after stating the facts as above). Counsel for plaintiff in error treats assignments of error, numbered 1, 2, 3, 4, 13, and 14, in the following language, to wit:

"The market value of the stock when sold was 100 cents on the dollar. The testimony of Ross and Sultan, case-made, pages 94 and 170. This was not contradicted."

Neither argument of counsel nor citation of authorities are presented in support of these various assignments of error, and hence a consideration of the same will be deemed to have been waived by plaintiff in error. Specification of error No. 5 challenges the correctness of instructions numbered 4, 5, and 6, as given by the court to the jury. Only a bare objection to them has been made, and this without argument of counsel or citation of authority, in support of the objection. We do not know the grounds of the objections urged against these instructions. They appear to state fairly and correctly the law applicable to the issues involved. If we but knew the theory of counsel upon which the objections were raised, we might be able to see the vice of these instructions, if any there was; but inasmuch as no light is offered by the brief submitted, the assignments will therefore also be deemed to have been waived, and will receive no further consideration at our hands. So, too, does counsel treat all the other assignments of error raised in his brief.

There is an utter failure to comply with rule 25 of this court (20 Okla. xii, 95 Pac. viii), which provides that:

"The brief of plaintiff in error shall contain an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court," etc.

In *Arnold v. Idiker*, 29 Okla. 687, 119 Pac. 125, Mr. Justice Williams, in speaking of the failure of counsel to properly observe the rules of this court in briefing their cases, says:

"The brief of the plaintiff in error wholly fails to comply with this rule (Rule 25, 20 Okla. xii [95 Pac. viii]). Counsel for defendant in error does not make any objections to such deficiency. or incompleteness, but sets. out in his brief a counter abstract. Under the facts as stated in the counter abstract, the instruction requested by the plaintiff in error presenting his theory of the case was properly refused on the grounds that there was no evidence upon which to predicate it. Wherever the plaintiff in error fails to comply with the foregoing rule, and the defendant in error makes a counter abstract, which is not replied to by the plaintiff in error, and under such abstract as made by the defendant in error, no prejudicial error is shown, the presumption being in favor of the trial court, the same will be affirmed."

However and notwithstanding this failure to properly present the allegations of error, we have read with care the entire record, and from it learn that the only real question involved in this appeal is:

"Was Williams, the defendant in error, by reason of the false and fraudulent representations made by plaintiff in error, which were believed and relied upon by Williams, induced thereby to purchase the stock of the Ross Mercantile Company?"

The amended petition fairly states a cause of action against the defendant for fraud and deceit, which allegations were denied by the defendant in his answer, and upon the issues thus formed evidence was introduced by both parties, the cause was submitted to the jury by the trial court, under proper and fair instructions, and the jury by its general verdict decided all questions of fact in favor of the plaintiff and against the defendant, and, following the well-established rule of this court,

where controverted questions of fact are submitted to the jury upon issues formed by the pleadings, and under proper instructions by the court, and the evidence thereof; though conflicting, reasonably tends to support the finding, such verdict will not be disturbed in this court on appeal. *Hobbs v. Smith*, 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697; *Harrill v. Parkinson*, 27 Okla. 528, 112 Pac. 970; *Ellison v. Bank*, 27 Okla. 782, 117 Pac. 199; *Edwards v. Miller*, 30 Okla. 442, 120 Pac. 996; *Allen v. Kenyon*, 30 Okla. 536, 119 Pac. 960.

We feel constrained in passing to call attention of counsel to the fact that the case-made filed in this court has not been filed in the lower court, as required by statute, nor is the signature of the trial judge in the certificate settling the same attested by the seal of the court, or the signature of the clerk, as required by law. Defendant in error, instead of moving to dismiss, or otherwise calling the attention of the court to this condition of the record, has ignored these defects, which in themselves would warrant a dismissal of the petition in error, had the same been urged, and for that reason we pass these discrepancies in the record without further comment.

After a full consideration of the entire record, we feel that the jury arrived at the proper verdict in this case, that substantial justice has been done between the parties, that no error warranting a reversal was committed by the trial court, and that the judgment of the district court of Comanche county should, therefore, be affirmed.

By the Court: It is so ordered.