## BENNETT v. GOODMAN.

No. 867. Opinion Filed May 9, 1911.

**APPEAL AND ERROR—Review—Verdict—Sufficiency of Evidence.** Where there is no question of law involved and the case is submitted to the jury upon the issues joined by the pleadings and there is evidence reasonably supporting their verdict, it will not be disturbed in the Supreme Court.

(Syllabus by the Court.)

*Error from Bryan County Court; Charles A. Phillips, Judge.*

Action by W. F. Bennett against A. Goodman. Judgment for defendant, and plaintiff brings error. Affirmed.

*T. B. Wilkins,* for plaintiff in error.
*Utterback & Hayes,* for defendant in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendant in error, defend-

ant below, to recover the sum of $38 alleged to be due the plaintiff from the defendant. The facts alleged by the plaintiff were to the effect that during the year 1908 he had rented certain lands to J. C. Camp and Dave Hargis for one-third of the grain and one-fourth of the cotton raised on said place, and $1.50 cash rent per acre for all the oats raised thereon; that there were several hundred bushels of corn and some cotton raised; that while said corn was still on said land the defendant Goodman purchased the same from the tenants with notice of the landlord's lien created by statute in favor of said plaintiff. The answer seems to admit all the allegations of the petition, but as a defense states, in substance, that the tenants were not indebted to their landlord in any sum; that the landlord authorized the said tenants to sell said corn to said defendant and accepted his rent out of said corn, and afterwards told said defendant he had gotten his money for said corn and that same was all right; that all the money paid for said corn was paid to the Durant National Bank on note secured by Frank Bennett, and that he thereby derived the benefit of the same and cannot recover. Upon the issues thus joined there was a trial by jury and a verdict for the defendant, upon which judgment was duly entered. To reverse this judgment this proceeding in error was commenced.

Counsel for plaintiff in error in his brief seems to base his right to reverse upon the theory that under section 3345, Wilson's Oklahoma Statutes, he was entitled to recover from the purchaser of the crop any part thereof purchased with notice of the landlord's lien created by statute. There is no question of that sort in this case. The defendant raised no question as to the landlord's lien, but stood upon the proposition: (1) That the tenants were not indebted to their landlord for rent; (2) that the landlord authorized his tenants to sell the corn to defendant; and (3) that the money paid for the corn was paid to the Durant National Bank on a note secured by the plaintiff. The issues of fact thus raised were submitted to a jury, and as there was evidence reasonably tending to support their verdict, it will not be disturbed. This is such an old and oft-reiterated rule that we do not deem it

necessary to cite authorities to support the same. The case was submitted to the jury under proper instructions upon the issues raised by the pleadings, and as there is no issues of law involved, the finding of the jury on the facts will not be disturbed.

The judgment of the court below is affirmed.

All the Justices concur.