# CHARLESTON.

## HEARN v. McDONALD

Submitted March 15, 1910.   Decided May 16, 1911.

DAMAGES—*Destruction of Roof*.

  In an action for destruction of a roof of a house, the measure of damages is the value of the roof, that is, what it would cost to replace it new, less an allowance for depreciation from use, age or like cause. (p. 435).

Appeal from Circuit Court, Mercer County.

Action by L. L. Hearn and others against D. J. McDonald. Judgment for plaintiffs, and defendant appeals.

*Affirmed.*

*Woods & Martin* and *Ritz & Ritz,* for appellant.

*Hale & Pendleton,* for appellees.

BRANNON, JUDGE:

Hearn and Massie owned two houses, and McDonald was a contractor building a section of the Virginian or Deepwater Railroad. The line of the road was on a hillside above the houses, and in blasting rock some of the rock were cast upon the metal roofs of these houses, and did great damage to them, and Hearn and Massie brought suit against McDonald and recovered the sum of $110.25, $5.25 of it being interest, and McDonald has appealed to this Court.

The only point involved in the case is this: The plaintiff gave evidence showing what a new roof for the house would cost, and gave no evidence to show what amount should be allowed for wear and tear of the roofs during the three or four years of their life, and claimed that a recovery of the cost of new roofs, without abatement for use and wear, is erroneous. The argument is that the recovery could be only for the value of the roofs at the time of their destruction; that it should have been shown what was the depreciation from the cost of new roofs owing to wear and tear; that from the cost of new roofs there should have been proven a specific sum for such wear and tear, and that deducted from the cost of new roofs; and on this

basis the claim is there was no measure of damages fixed. We do not deny the legal proposition that where a building is destroyed the value is to be ascertained by taking into account the original cost and the cost of replacing it, and making an allowance for depreciation from use, age and other like causes as the condition in which it was required. Sutherland on Damages, 2967; *Wall* v. *Platt,* 48 N. E. 270. But upon the evidence in this case we find that the roofs were as good as new, practically, that they had been on but a short time, and had been well preserved by being kept painted, and were practically as good as new. Under the evidence such deduction would be small or nominal. It seems a small matter upon which to reverse a decree and protract litigation. Nothing else is involved.

Therefore, we affirm the decree, as substantial justice has been done.

*Affirmed.*