## PORT HURON ENGINE & THRESHER CO. v. BALL.

No. 932.   Opinion Filed September 26, 1911.

(118 Pac. 393.)

1.    **PRINCIPAL AND AGENT**—Authority—Question for Jury.   The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury.

2.    **SALES**—Performance of Contract—Waiver.   Provisions in a contract of sale of machinery, requiring the purchaser, if not satisfied with the machinery at the end of the first day, to notify the company at its home office and give it time to send mechanics to operate the machine, and further providing that, if the purchaser is not satisfied after the test is made by these mechanics, that he shall procure some other machine for a competitive test, and further providing that none of the conditions of the contract may be waived, except in writing, signed by an officer of the seller, may all be waived by the seller, if in response to an informal notice it sends agents to examine and test the machinery, who make promises of repairs and adjustments, upon which the purchaser relies in future dealings with the seller.

(Syllabus by Ames, C.)

*Error from District Court, Grant County; W. M. Bowles, Judge.*

Action by the Port Huron Engine & Thresher Company against Charles E. Ball. Judgment for defendant, and plaintiff brings error. Affirmed.

*Holmes & Yankey* and *F. G. Walling,* for plaintiff in error.

*Sam P. Ridings, C. E. Elliott,* and *A. C. Glenn,* for defendant in error.

Opinion by AMES, C. Plaintiff in error, plaintiff below, brings this action against the defendant in error, defendant below, to recover certain personal property, in which it claims an interest by virtue of a chattel mortgage. The indebtedness which is secured by the mortgage is a balance on the purchase price of certain threshing machinery. The defense is that the machinery does not comply with the warranties under which it was sold. The evidence of the defendant tends to support his claim, and the plaintiff did not offer any evidence to the contrary, but claimed that notice of defects was not given by the defendant as required by the contract. The defendant does not claim that notice was given within the time or in the manner stated in the contract, but claims that the plaintiff waived this provision by sending experts to examine and adjust the machinery. In response to this claim, plaintiff relies upon the following provision of the contract:

"When approved and accepted, this order is a binding contract. It cannot be waived in any respect, except in writing over the signature of an officer of the company. * * * Agents, salesmen, and mechanical engineers have no general agency powers, and are without authority to bind the company, or release the purchaser by any contract or statement whatever, and it is agreed that no act or statement of theirs shall expressly or impliedly waive any of the terms of the preceding conditions."

There is evidence tending to show that the Peru-Van Zandt Implement Company was the agent of the plaintiff for the purpose of making the sale, collecting the payments as they matured, giving extensions, taking new mortgages, and making repairs. The

defendant dealt with the Peru Company and its agents for several years, gave renewal paper several times, and did not return the machinery until after having used it two or three seasons. His testimony, however, which is not disputed, is to the effect that these acts were because of continual promises of improvements made by plaintiff. By the terms of the contract defendant was required to notify plaintiff of dissatisfaction at its home office within one day after commencing to operate the machinery. This the defendant did not do, but he did afterwards notify the Peru-Van Zandt Implement Company. Upon this notice an expert was sent to examine and adjust the machinery, and such examinations were made from time to time; the negotiations in the main being between the defendant and the Peru Company. The trial court permitted the defendant to offer evidence of the acts, conduct, conversations, and circumstances surrounding his dealings with the Peru Company and its agents, and submitted to the jury the question of agency to be determined as one of fact under the evidence. The plaintiff denied under oath the agency of the Peru Company, but offered no evidence in response to that of the defendant.

There is no doubt that, under the decisions of this court, the question of agency and the extent of the agent's authority are to be determined by the jury from all the facts and circumstances connected with the transaction. *Ricker National Bank v. Stone,* 21 Okla. 833, 97 Pac. 577; *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359.

It is also true that the provisions of the contract which have been referred to may be waived by the plaintiff. *Baker v. Nichols & Shepard Company,* 10 Okla. 685, 65 Pac. 100; *Hale v. Van Buren, Heck & Marvin Co.,* 24 Okla. 13, 103 Pac. 1026.

Plaintiff in error urges that there was error in giving the following instruction:

"You are further instructed that, unless you believe from the evidence that the Peru-Van Zandt Implement Company were the duly authorized agents of the Port Huron Engine & Thresher Company, then the plaintiff, the Port Huron Engine & Thresher

Company, would not be bound by any contract or agreement made by the said Peru-Van Zandt Implement Company,"

—because the instruction inferentially means that, if the Peru Company was plaintiff's agent for any purpose, it would have authority to waive the conditions in the contract. The court, however, further instructed the jury:

"But, as heretofore instructed, if you believe from the evidence, and all the facts and circumstances in the case, that the Peru-Van Zandt Implement Company had authority from the Port Huron Machine Company, and were acting for them, and had authority to send these agents, and to authorize them to perform the functions that they did perform, if you find that they were sent here, the acts of the agent would be construed in law as the acts of the principal."

The plaintiff also claims that the court erred in refusing to give the following instruction:

"You are instructed that, before you can find that the plaintiff in this case has waived the terms of the written warranty, you must find that the several persons who it is alleged were agents of plaintiff actually had authority from said plaintiff to waive said warranty; and you are instructed that such authority cannot be established by evidence showing authority to sell machinery or collect the purchase price thereof."

Other instructions, however, which the court gave, charged the jury that, unless the Peru Company was the agent of the plaintiff authorized to perform the functions which it did perform, the plaintiff would not be bound by any of its acts, or the acts of its agents.

The existence of the agency, as well as the extent of the agency, were submitted to the jury under proper instructions, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

All the Justices concur.