## ALLEN v. KENYON.

No. 1344.    Opinion Filed December 12, 1911.

1.    **APPEAL AND ERROR**—Review—Verdict—Sufficiency of Evidence.    Where a question of fact is submitted to a jury upon issues joined by the pleadings, and there is evidence reasonably tending to support the verdict, it will not be disturbed on appeal.

2.    **PRINCIPAL AND AGENT**—Authority—Question of Fact.    The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury.

(Syllabus by Robertson, C.)

*Error from Grant County Court; H. H. Rogers, Judge.*

Action by Emma C. Allen against Bion F. Kenyon to recover on a promissory note.    Judgment for defendant, and plaintiff appeals.    Affirmed.

*J. B. Drennan,* for plaintiff in error.

*F. G. Walling,* for defendant in error.

Opinion by ROBERTSON, C.    This action was originally begun in a justice court of Grant county on September 12, 1908, by Emma C. Allen, to recover $25.76, alleged to be due as a balance on a promissory note, together with a $15 attorney fee and interest.    Judgment was rendered in the justice court in favor of the plaintiff, but on appeal to the county court, the defendant obtained a verdict.

It appears from the record, without dispute, that on June 6, 1903, Kenyon made a note payable to plaintiff in the sum of $95, and delivered the same to her agent; the transaction was between Kenyon and plaintiff's father, who was duly authorized by the plaintiff to represent her in the deal; several partial payments were made thereafter on said note by Kenyon, all of which were made to plaintiff's father or brother, except one of $15, which was paid to her attorney.    Throughout

the entire transaction she was represented by an agent, either her father, brother, or an attorney, and at no time were there any transactions between plaintiff and defendant. The agency of the various parties was admitted by plaintiff in her testimony, and was at no time denied by her, except as to the two last payments. The defense of payment was interposed by Kenyon, although no written pleadings were filed by him in either the justice or the county court. Trial was had to a jury in the county court, and instructions to the jury and argument of counsel were waived.

It plainly appears from the evidence that full payment of the note sued on had been made by the defendant, the only question being that the payments had been made to plaintiff's agents, instead of to plaintiff, and she at the time of the trial, for the first time, denied the authority of her father or brother to accept payment for her, although she admitted their agency in the matter of several partial payments theretofore made and also the agency of the father in taking the note in the first instance. The issues, on account of lack of pleading by the defendant and instructions by the court, were not well defined, and the jury in returning its verdict for the defendant found that the father and the brother in accepting the payments on the note, as made by the defendant, acted as agent for the plaintiff, and that she had ratified their said acts, and that full payment had been made of the note sued on. The case therefore presents simply two controverted questions of fact, i. e., payment and agency. The authority of the agent is to be gathered from the facts and circumstances in evidence, and is a question of fact for the jury. *Minn. Threshing Machine Co. v. Humphrey,* 27 Okla. 694, 117 Pac. 203; *Port Huron Eng. & Thresher Co. v. Ball, infra,* 118 Pac. 393.

The jury could not have decided the case any other way than that registered by their verdict, and the rule is well settled in this state that where an issue of fact has been properly submitted to the jury, the verdict will not be disturbed if the evidence reasonably tends to support the findings. *Bennett v. Goodman,* 28 Okla. 776, 116 Pac. 180.

Finding no error in the record, the judgment of the county court of Grant county should therefore be affirmed.

By the Court: It is so ordered.

All the Justices concur.