## YUKON MILLS & GRAIN CO. v. IMPERIAL ROLLER MILLS CO.

No. 2191.   Opinion Filed October 15, 1912.

(127 Pac. 422.)

1. **APPEAL AND ERROR—Review—Questions of Fact.** It is a well-settled rule of this court that where the testimony on any material issue is conflicting, and there is any competent evidence in the record reasonably tending to support the finding of the jury, this court will not review the evidence to ascertain where the weight lies, nor interfere with such finding.

2. **PRINCIPAL AND AGENT — Existence of Relation—Evidence.** Agency is a fact to be proved as other facts, and to be determined by the jury.

3. **APPEAL AND ERROR—Review—Harmless Error.** It is not every error occurring at the trial that will warrant this court in reversing the judgment of a trial court.  This court, in every stage of action, must disregard error or defect in pleading or proceeding which does not affect the substantial rights of the adverse party.

4. **SAME—Admission of Evidence.** Before a cause will be reversed on account of the admission of incompetent evidence, it must affirmatively appear that the admission of such evidence resulted prejudicially to the interests of the one making such objection.

5. **NEW TRIAL—Appeal and Error—Newly Discovered Evidence— Discretion of Trial Court.** Under the uniform holdings of this

court, before a new trial will be granted on the ground of newly discovered evidence, it must be made to affirmatively appear that the new evidence would be sufficient to probably produce a different result; and in such case a certain degree of discretion is necessarily vested in the trial court, and its ruling thereon will not be interfered with on appeal, unless this court is able to see that such newly discovered evidence would probably produce a different result from that registered by the verdict of the jury.

(Syllabus by Robertson, C.)

*Error from District Court, Grady County;*
*F. M. Bailey, Judge.*

Action by the Yukon Mills & Grain Company against the Imperial Roller Mills Company. Judgment on counterclaim for defendant, and plaintiff brings error. Affirmed.

This action was begun in the United States commissioners' court for the Third commissioners' district of Indian Territory on May 1, 1907. The plaintiff alleged in its complaint that on or about September 1, 1906, the defendant sold and delivered to plaintiff 1,000 bushels of wheat at 59 cents per bushel, said wheat to be first-class milling wheat, strictly dry, sound, and sweet, and to be delivered to the plaintiff at its mills in Yukon, Okla.; that said wheat was not first-class wheat, nor was it sound, dry or sweet, but, on the contrary, was damp, musty, and wholly unfit for milling purposes; that as soon as plaintiff discovered the true condition of said wheat, it notified defendant, and demanded the return of the money paid therefor, but defendant refused to return the same, or take the wheat back; that by reason of the unfitness of said wheat for milling purposes plaintiff could not use the same, but was compelled to ship the same to Galveston, where it was sold for $494.46, after paying the freight and expenses; that plaintiff, by reason of the wrongful acts of said defendant, has been damaged in the sum of $85.54 as general, and $10 as special, damages, for all of which it prays judgment.

Defendant answered, admitting that it sold plaintiff the car of wheat in question, and received thereon, as pay for the same, from plaintiff the sum of $570. And further answering, it denies that said car was to be delivered at Yukon, but, on the contrary, avers that the wheat was to be delivered f. o. b. Minco, and that

one A. W. Marlow, agent acting for and on behalf of plaintiff, accepted said car of wheat at Minco, and agreed to pay defendant the sum of $590 therefor; that there is yet due on said car from plaintiff to defendant the sum of $20, for which it prays judgment.

Upon the issues thus joined trial was had, and a judgment was entered in favor of plaintiff in error in the sum of $80.54. An appeal was taken to the United States Court of the Indian Territory, and on the admission of Oklahoma as a state the cause was, by operation of law, transferred to the district court of Grady county, where a trial was had, which resulted in a judgment in favor of the plaintiff in error, which was later set aside and a new trial granted. On January 4, 1910, the cause was again tried to a jury, and a verdict returned, upon which judgment was entered in favor of defendant in error in the sum of $20 on its counterclaim. Motion for new trial was duly presented and overruled, and plaintiff in error brings his appeal to reverse said judgment.

*R. N. McConnell,* for plaintiff in error.

*Bond & Melton,* for defendant in error.

Opinion by ROBERTSON, C. (after stating the facts as above). The evidence in this case with reference to the nature and character of the contract of purchase is very conflicting. Plaintiff in error contends that it was made by telephone conversation and confirmed by letter. Defendant insists that it was an oral contract made by one Marlow, the agent of plaintiff, and A. G. Click, the manager of the defendant company, at Minco. Much testimony, *pro* and *con,* was offered, and the question was submitted to the jury, under instructions by the court, and the jury resolved the issue in favor of the defendant. It is a well-settled rule of this court that, where the testimony on any material issue is conflicting, and there is any competent evidence in the record reasonably tending to support the finding of the jury, this court will not review the evidence to ascertain where the weight lies, nor interfere with such finding of the court, or the verdict of the jury. *Wicker v. Dennis,* 30 Okla. 540, 119

Pac. 1122; *Stem v. Adams*, 30 Okla. 101, 118 Pac. 382; *Caddo Nat. Bank v. Moore*, 30 Okla. 148, 120 Pac. 1003; *Grimes v. Wilson*, 30 Okla. 322, 120 Pac. 294; *Edwards v. Miller*, 30 Okla. 442, 120 Pac. 996; *Prescott v. Brown*, 30 Okla. 428, 120 Pac. 991.

Counsel for plaintiff objected to the introduction of certain evidence tending to establish the relation of principal and agent between the plaintiff and one Marlow. Agency is a fact to be determined by the jury, as any other fact. *Port Huron Eng. & Thresher Co. v. Ball*, 30 Okla. 11, 118 Pac. 393; *Allen v. Kenyon*, 30 Okla. 536, 119 Pac. 960; *Midland Savings & Loan Co. v. Sutton*, 30 Okla. 448, 120 Pac. 1007. In this case the court permitted some testimony to go to the jury on this subject, the competency of which is doubtful, yet on the whole there was sufficient competent evidence to sustain the verdict of the jury.

It is not every error occurring at the trial that will warrant this court in reversing the judgment of a trial court. This court, in every stage of action, must disregard error or defect in pleading or proceeding which does not affect the substantial rights of the adverse party. Before a cause will be reversed on account of the admission of incompetent evidence, it must affirmatively appear that the admission of such evidence resulted prejudicially to the interests of the one making such objection. In this case there is abundant evidence to sustain the finding of the jury on the issue of agency, and the ruling of the court in the admission of such evidence, even though erroneous, under the circumstances, will not be interfered with. *Diamond v. Inter-Ocean Newspaper Co.*, 29 Okla. 323, 116 Pac. 773; *City of Pawhuska v. Rush*, 29 Okla. 759, 119 Pac. 239.

It is alleged that the trial court erred in refusing to grant a new trial on the grounds of newly discovered evidence. This newly discovered evidence, as shown by the affidavit of plaintiff's attorney, is the invoice of the car of wheat. It appears that this invoice had been used as evidence in the prior trial of this case, and that it had been left with the court stenographer and mislaid, and was not found until after the trial. The testimony shows that this invoice had been made by the witness Pope, for defendant, without any knowledge of the terms and conditions of the

sale of the wheat. It shows the sale of 1,000 bushels of wheat at 59 cents; gives the name and number of the car, the draft for the purchase price, less $20 margin, to guarantee weights and grades. Mr. Kroutil, for the plaintiff, testified at the trial with reference to the purchase of the wheat over the telephone, and the terms and conditions of the sale. The invoice does not show the grade of wheat, nor whether the same was f. o. b. Minco or Yukon. The witness Pope further testified that Mr. Click, manager for defendant, told him over the phone to make out the invoice for 59 cents per bushel; that he had no instructions with reference to leaving a margin for weights and grades; that he had no knowledge of the terms of the sale of said car of wheat; that he did not know that it was sold f. o. b. Minco; and that, according to custom, he made a bill of lading and draft, leaving two cents per bushel, when sales were made f. o. b. destination. At the best, the invoice was merely cumulative evidence of the matters and things already in evidence. It had been in the possession of plaintiff before the trial. It knew the contents thereof. Its absence should have been known by the use of reasonable diligence. Its contents had all been made known to the jury, and the facts therein were considered by the jury in arriving at its verdict. Where secondary evidence has been admitted to show the contents of a document, thereafter the production of the original document would be merely cumulative; and, inasmuch as it does not appear that the failure to produce the original invoice at the trial, after parol evidence of its contents had been offered, prejudicially affected the substantial rights of the plaintiff, the refusal of the trial court to grant a new trial on that account was not error.

Under the uniform holdings of this court, before a new trial will be granted on the grounds of newly discovered evidence, it must be made to appear affirmatively that the new evidence would be sufficient to probably produce a different result; and in such case a certain degree of discretion is necessarily vested in the trial court, and the ruling thereon will not be interfered with, unless this court is able to see that such evidence would probably produce a result different from that registered by the verdict of

the jury. We do not think the verdict and judgment in this case would have been different, had the lost invoice been considered by the jury.

No reversible error appearing in the record, the judgment of the district court of Grady county should be affirmed.

By the Court: It is so ordered.