## CHICAGO, R. I. & P. RY. CO. v. GALVIN.

No. 7562—Opinion Filed June 27, 1916.

(158 Pac. 1153.)

**1. Damages—Evidence—Admissibility.**

In an action for the recovery of the value of a building destroyed by fire, in order to make evidence as to the cost of rebuilding the same competent, there must also be produced evidence showing the original cost and the depreciation from use, age, and other causes.

**2. Same.**

The measure of damage for the loss of a building destroyed by fire is the actual cash value of the building at the time and place of its destruction.

**3. Appeal and Error — Review — Harmless Error.**

Section 6005, Rev. Laws 1910, provides that no judgment shall be set aside on the ground of misdirection of the jury, or the improper admission or rejection of evidence, unless in the opinion of the Supreme Court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a violation of a constitutional or statutory right of the aggrieved party.

(Syllabus by Mathews, C.)

Error from County Court, Grant County: W. H. C. Taylor, Special Judge.

Action by M. E. Galvin, as administrator of the estate of J. W. Galvin, deceased, against the Chicago, Rock Island & Pacific Railway Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Kent W. Shartel, C. O. Blake, R. J. Roberts, and W. H. Moore, for plaintiff in error.

Sam P. Ridings, for defendant in error.

Opinion by MATHEWS, C. This was an action for the recovery of the value of a building destroyed by fire in the town of Medford, Grant county, Okla., on the 25th day of June, 1911. The parties will be designated as in the trial court. It was plaintiff's contention that the said fire originated from sparks escaping from defendant's engine while it was being used in the operation of its railroad running through the said town of Medford. The defendant answered by general denial. The case was tried by a jury, W. H. C. Taylor, special judge presiding. Judgment was for the plaintiff in the sum of $512.50. Defendant's motion for a new trial having been overruled, this appeal followed.

The principal assignment of error relates to the admission of certain testimony as to the cost of rebuilding the destroyed house. A witness for plaintiff testified that the actual cash value of the building, on the date of its destruction, was $900. Fire Association of

Philadelphia v. Farmers Gin Company, 39 Okla. 162, 134 Pac. 443. There is no objection raised to the qualifications of this witness or the admission of his testimony on this point. But another witness was permitted to testify that it would cost $1,200 to rebuild the destroyed building with new material, and it is against this testimony that the main claim for reversal is predicated. This witness testified as to the cost of rebuilding only, and defendant insists that such testimony, standing alone, was incompetent and that in order to make the same competent there must have been further testimony as to the original cost of the building, as to its depreciation from use, age, and other causes. This contention seems to be supported by all the authorities. Suth. on Damages, 3rd Ed., vol. 4, p. 2967, says:

"The real value of a building is to be ascertained by taking into account the original cost and the cost of replacing it and making allowance for depreciation from use, age, and other like causes."

Jacksonville, etc., Ry. Co. v. Peninsular Land, etc., Co., 27 Fla. 1, 157, 9 South. 661, 17 L. R. A. 32; Hearn et al. v. McDonald, 69 W. Va., 435, 71 S. E. 568; Close v. Ann Arbor R. Co., 169 Mich. 392, 135 N. W. 346; Chicago & E. R. Co. v. Ohio City Lumber Co., 214 Fed. 751, 131 C. C. A. 57; Wall v. Platt, 169 Mass. 398, 48 N. E. 270.

But, conceding the error, should the judgment be reversed? Section 6005 expressly provides that no judgment shall be set aside on account of the improper admission of evidence, unless it appears that such admission has probably resulted in a miscarriage of justice. It is apparent that evidence complained of, standing alone, has but little probative value. Without evidence as to the original cost and depreciation of the building the jury could derive but little information from the evidence as to the cost of rebuilding. From the facts that the witness testified that it would cost $1,200 to reproduce the building and the jury returned a verdict for $512.50, it is apparent that the jury was not influenced by the testimony complained of. When we consider that another witness testified that the actual cash value of the building, at the time it was burned, was $900, it becomes almost conclusive that the jury did not consider the testimony complained of, and that it could not have had any weight with them. The case of St. L. & S. F. R. Co. v. Hart, 45 Okla. 659, 146 Pac. 436, following the uniform rule laid down by this court, says:

"Section 6005, Rev. Laws Okla. 1910, which provides that no judgment shall be set aside on the ground of misdirection of the jury, or the improper admission or rejection of evidence, unless, in the opinion of the Supreme

Court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a violation of a constitutional or statutory right of the aggrieved party." Yukon Mills & Grain Co. v. Imperial Roller Mills Co., 34 Okla. 817, 127 Pac. 422; Delezal v. Bostic, 41 Okla. 743, 139 Pac. 964.

The defendant excepted to the giving of the following instruction:

"Any evidence offered in this case proving, or tending to prove, the cost of building or restoring the building destroyed at the time of the destruction thereof, may be considered by the jury for the purpose of furnishing data to enable the jury to determine the true amount of the damages, but the same is not to be considered by the jury as constituting the measure of damages or recovery, but you may take the same into consideration for the purpose of determining and arriving at the actual cash value of the property at the time of the destruction thereof."

There being no evidence introduced as to the original cost of the building, and the evidence as to the reproduction cost being improperly admitted, the giving of this instruction was a technical error, but for the reasons set out above we are of the opinion that it is not probable that the error resulted in any prejudice to the rights of the defendant.

We recommend that the judgment be affirmed

By the Court: It is so ordered.