## JENSEN v. HARLESS.

No. 10790—Opinion Filed Oct. 3, 1922.

(Syllabus.)

1. **Appeal and Error—Review—Questions of Fact—Verdict.**

In a law action, where there is any evidence which reasonably tends to support the verdict of the jury, and such verdict has received the approval of trial court, it will not be disturbed on appeal.

2. **Work and Labor—Action for Compensation—Sufficiency of Evidence.**

The record examined, and held, that there is evidence which reasonably tends to support the verdict of the jury.

3. **Appeal and Error—Review—Sufficiency of Evidence—Presumption from Denial of New Trial.**

Where the trial judge before whom a jury trial was had, passes upon a motion for a new trial, which, among other things, challenges the sufficiency of the evidence to support the verdict of the jury, this court will presume that. the trial judge carefully considered and weighed the evidence, and in overruling said motion for a new trial the verdict of the jury received his judicial approval.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Mamie Harless to recover a money judgment against J. G. Jensen. Verdict and judgment for plaintiff, and defendant appeals. Affirmed.

Bowling & Farmer, for plaintiff in error.

Chas. H. Thompson. for defendant in error.

MILLER, J. This action was commenced in the justice court before John W. Scott, a justice of the peace of Pauls Valley township, Garvin county, Okla., by Mrs. Mamie Harless, as plaintiff, against J. G. Jensen, as defendant, to recover the sum of $81.50 due her for work and labor performed. The defendant denied liability, claiming plaintiff had been paid in full. The case was tried to a jury in the justice court, which returned a verdict in favor of the plaintiff and against the defendant in the sum of $51.03. Defendant appealed to the district court of Garvin county, where the case was again tried to a jury, which resulted in a verdict in favor of the plaintiff and against the defendant in the sum of $52.21. Judgment was rendered in favor of the plaintiff in accordance with the verdict of the jury. The defendant filed a motion for a new trial, which was overruled by the court; saved all necessary exceptions; perfected this appeal, and appears here as plaintiff in error. For convenience, the parties will be referred to as they appeared in the lower court.

Defendant, Jensen, assigns seven specific assignments of error, and then states in his brief that he relies on the third, fifth, and seventh assignments, which, he says, when taken collectively, comprise only this one proposition:

"The judgment of the trial court is not sustained by sufficient evidence, but was the outgrowth of passion and prejudice against the defendant and in favor of the plaintiff. by reason whereof the defendant was not given a fair and impartial trial, and his motion for a new trial should have been granted."

The defendant in his brief sets out testimony offered by him which in some respects conflicts with the testimony offered by the plaintiff. He then sets out what he contends are conflicting statements made by the plaintiff herself on the witness stand, and argues that on account of these apparent conflicting statements she is unworthy of belief.

The jury heard the evidence of all the witnesses and had the opportunity of observing their demeanor on the stand. They are the exclusive judges of the credibility of the witnesses and the weight to be given to the testimony.

We have examined the record, and find there is evidence which reasonably tends to support the verdict of the jury; and, in fact, the defendant does not contend that there is not any evidence to support the verdict, but contends that the evidence is not sufficient, and that the evidence as a whole preponerates in favor of the defendant. We feel compelled to follow the long line of decisions in which this court has laid down this rule:

"In a law action, where there is any evidence which reasonably tends to support the verdict of the jury, and such verdict has received the approval of the trial court, it will not be disturbed on appeal."

"It is a well-settled rule of this court that where the testimony on any material issue is conflicting, and there is any competent evidence in the record reasonably tending to support the finding of the jury, this court will not review the evidence to ascertain where the weight lies, nor interfere with such finding." Yukon Mills & Grain Co. v. Imperial Roller Mills Co., 34 Okla. 817, 127 Pac. 422.

See, also, Stekoll v. Lebow, No. 10576, opinion handed down March 28, 1922 (pending on rehearing).

On the question of the verdict of the jury receiving the approval of the trial court, the defendant in his brief makes the following statement:

"From an examination of the record in this case we think it clearly appears that the jury rendered a verdict wholly in disregard of the defendant's testimony, and said verdict should have been set aside and a new trial granted by the trial court. We are constrained to feel that the trial court in overruling said motion for a new trial was prompted more by the smallness of the amount involved than by having weighed the evidence, and in this conclusion we think we are amply sustained by the record in the case. That it is the duty of the trial court upon a motion for a new trial which challenges the verdict upon the ground that it is contrary to the evidence to weigh the evidence is well settled by the decisions of this court, and when it appears from the record that the evidence offered upon the trial of the case has not been properly weighed and considered, this court will grant relief."

We cannot assume that the trial court did not carefully and judiciously weigh the testimony in this case in passing on the motion for a new trial. From our examination of the record we believe the trial judge performed his duty conscientiously in overruling the motion for a new trial. A jury in the justice court returned a verdict in the sum of $51.03. The jury in the district court returned a verdict for $52.21. The difference in these verdicts is approximately the interest that would have accrued on the verdict of $51.03 during the time that elapsed between the two trials.

Finding no reversible error, the judgment of the trial court is affirmed.

KANE, JOHNSON, McNEILL, and KENNAMER, JJ., concur.