## CITY OF WILSON v. FULTON.

No. 13903—Opinion Filed Sept. 16, 1924.

### 1. Appeal and Error—Questions of Fact—Verdict.

In a law action, where there is any evidence which reasonably tends to support the verdict of the jury, and such verdict has received the approval of the trial court, it will not be disturbed on appeal.

### 2. Same.

The record examined, and held, that there is evidence which reasonably tends to support the verdict of the jury.

### 3. Appeal and Error—Sufficiency of Evidence—Presumption from Denial of New Trial

Where the trial judge, before whom a jury trial was had, passes upon a motion for a

new trial, which among other things, challenges the sufficiency of the evidence to support the verdict of the jury, this court will presume that the trial judge carefully considered and weighed the evidence, and in overruling said motion for a new trial, the verdict of the jury received his judicial approval.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by W. L. Fulton against the City of Wilson. Judgment for plaintiff, and defendant appeals. Affirmed.

N. E. Ticer, City Atty., J. A. Bass, and Champion & George, for plaintiff in error.

Pardue & Davis and Moore & West, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Carter county, state of Oklahoma, on June 8, 1921, by the appellee, plaintiff in the trial court, against the appellant, defendant in the trial court, to recover judgment in the sum of $20,000, as damages to his farm, consisting of 130 acres of land adjoining the town site of the city of Wilson.

Plaintiff alleges that in the year of 1917, the defendant constructed and installed a septic tank and sewerage system for said town of Wilson, that said septic tank and sewerage system was carelessly and negligently constructed, and negligently operated by the defendant. That by reason of the manner of operating same, the septic tank frequently overflowed and the sewerage permitted to flow out over the plaintiff's farm and pollute the air and the stream flowing through and across plaintiff's farm, making it unfit for stock water for which it was used. That said premises were in a high state of cultivation, well improved, and by reason of being adjacent to the city of Wilson were valuable, not only for farm purposes, but for town site purposes, and that by reason of the construction and manner of operating said sewerage system and septic tank, the plaintiff's premises were made uninhabitable on account of the obnoxious and sickening stench and odors caused thereby, and that the vegetation and fruit trees in the locality over which the discharge from said septic tank ran were killed and destroyed, and that he lost a number of livestock by reason of the pollution of the water, and that members of his immediate family were caused to be sick, and that he was damaged in the sum of $100, the value of livestock lost, and in the sum of $400,

the value of the service lost to him by reason of the sickness of his wife and two sons, and in the sum of $500 incurred by reason of said sickness, as medicine and doctor bills, and that he has sustained a general damage to his land on account thereof by reason of the deterioration in value in the sum of $10,000, wherefore he prays judgment for the total sum of $20,000. To which petition the defendant, the city of Wilson, answered by a general denial.

On March 24, 1922, the case was called for trial and resulted in the rendition of a verdict by the jury in favor of the plaintiff for $1,300; motion for a new trial was filed and overruled, from which order and judgment the defendant appeals, and sets forth various assignments of error, but bases its right to a reversal of this case on two propositions: First, that the evidence was not sufficient to sustain the judgment; and, second, that the damages, if any, sustained by the plaintiff were occasioned in part by the plaintiff himself, which precludes a recovery by the plaintiff.

The facts, as disclosed by the record, show that the premises involved was an ordinary farm, rolling in character, with moderate improvements erected thereon, in which the plaintiff lived, and that the septic tank was located on or near his land and within about 300 yards of his residence. It is also evident that the sewerage system and septic tank were defective in some manner, which caused the septic tank to overflow and permit the offal or sewerage to escape and flow over the surface of the premises of the plaintiff, and while in the winter season, it seems that it was not specially objectionable, and at times no odors or fumes escaped which were perceptible, during the summer season the stench and odor caused by reason of the overflow of the septic tank became very obnoxious and unpleasant, and according to some of the testimony offered was sufficient to, and did greatly reduce the value of plaintiff's property.

The appellant makes the contention that there is no proof which would justify a recovery for the loss of animals charged to have died from having drunk of the polluted waters, or to establish the allegations that the sickness of plaintiff's family was caused by reason of the conditions complained of. In this particular, we are inclined to agree with counsel for appellant, but we cannot assent to the contention that there is no evidence to sustain the judgment. The verdict of the jury was general in its nature, and we are unable to determine just what item or element of damages the

jury may have had in mind, when rendering their verdict, but there is evidence tending to establish the allegations of plaintiff, of damages to his premises generally, and we think sufficient to sustain the verdict of the jury, and the judgment of the court based thereon.

Appellee cites the case of Jensen v. Harless, 87 Okla. 197, 209 Pac. 740, wherein this court said:

"We have examined the record and find there is evidence which reasonably tends to support the verdict of the jury, and, in fact, the defendant does not contend that there is not any evidence to support the verdict, but contends that the evidence is not sufficient and that the evidence as a whole preponderates in favor of the defendant. We feel compelled to follow the long line of decisions in which this court has laid down this rule: 'In a law action where there is any evidence which reasonably tends to support the verdict of the jury and such verdict has received the approval of the trial court, it will not be disturbed on appeal.' 'It is a well-settled rule of this court that, where the testimony on any material issue is conflicting in the record reasonably tending to support the findings of the jury, this court will not review the evidence to ascertain where the weight lies, nor interfere with such finding.' Yukon Mills & Grain Co. v. Imperial Roller Mills Co., 34 Okla. 817, 127 Pac. 422."

The rule announced, we think, is applicable to the case at bar, and should control the court in determining same.

The second proposition urged by appellant is that the damages, if any, sustained by the plaintiff were the result of his own negligence and occasioned by the plaintiff himself, and in support of this theory, the appellant in the trial of the case introduced evidence showing that the plaintiff maintained his lots, and pig-pen, and out-house near his residence and in close proximity to the well from which he procured his drinking water, but the condition, as disclosed by the record, showed about the ordinary condition which exists in and about the average farm house and nothing of sufficient magnitude to deteriorate the value of the property or to produce such conditions as are here complained of, and shown to exist, and such as might be brought about by the installation and maintenance of a sewerage system and septic tank where the sewerage and offal from a city of several thousand inhabitants was received, and permitted to overflow plaintiff's premises.

The two propositions heretofore discussed are the only questions presented to this court on appeal, and as we view it, present purely questions of fact which, so far as the record discloses, were submitted to the court under proper instructions, and no contention is made that the judgment is excessive, and in keeping with the authorities cited, and the rule therein announced, which has been uniformly followed by this court, we are inclined to the opinion that the judgment should be affirmed, and so recommend.

By the Court: It is so ordered.